OPINION
Defendant Maurice T. Scanlon, Jr. appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which convicted and sentenced him for one count of rape in violation of R. C. 2907.02
and two counts of sexual battery in violation of R.C. 2907.03, after appellant pled no contest. Appellant was originally indicted for four counts of rape and one count of felonious sexual penetration, against two different victims but pursuant to a plea bargain, appellant agreed to pled no contest in exchange for dismissal of some counts and reduced counts in others. This matter comes before us upon delayed appeal. Appellant assigns five errors to the trial court:
ASSIGNMENT OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS STATEMENTS GIVEN TO POLICE DURING INTERROGATION, IN VIOLATION OF APPELLANT'S PRIVILEGE AGAINST SELF-INCRIMINATION PROVIDED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY ACCEPTING DEFENDANT'S NO CONTEST PLEA WITHOUT COMPLYING WITH CRIMINAL RULE 11 AND OHIO REVISED CODE 2943.031. SAID PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY AND THE PLEA TAKING PROCESS DENIED APPELLANT DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR BOTH RAPE AND SEXUAL BATTERY.
FOURTH ASSIGNMENT OF ERROR
 THE DEFENDANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER SECTION 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS DENIED WHEN TRIAL COUNSEL FAILED TO RAISE AN ALLIED OFFENSE OBJECTION AT SENTENCING.
FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN CORRECTING THE RECORD WHEN THERE WAS NO EVIDENCE THAT THE TRANSCRIPT NOTES WERE NOT ACCURATELY TRANSCRIBED.
The record indicates appellant pled to sexual acts involving his step-daughter when she was less than 13 years old.
 I
In his first assignment of error, appellant urges the trial court should have suppressed various statements he gave to police after his arrest, because appellant maintains the statements were not made voluntarily. Appellant asserts at the time he made the statements he was physically and mentally impaired as a result of failed suicide attempts. The interrogating officer was aware of the suicide attempts, but testified appellant was not impaired.
The trial court found appellant was advised of his Miranda
rights, and understood them, and had no physical signs of illness which would indicate he was unable to make a valid waiver of his rights. To the contrary, appellant signed a written waiver of rights. An express waiver constitutes strong proof of the validity of that waiver, see North Carolina v. Butler (1979),441 U.S. 369.
Our review of the record leads us to conclude the trial court did not err in overruling the motion to suppress. Accordingly, the first assignment of error is overruled.
 II
Next, appellant argues the trial court should not have accepted appellant's no-contest plea because it did not comply with Crim.R. 11 and R.C. 2943.031. The trial court personally addressed appellant before accepting the plea, and inquired whether appellant was making the plea voluntarily, with understanding of the nature of the charge and the maximum penalty, and the effect of his no-contest plea. The court advised appellant if he pled no-contest, he was "waiving his right to testify at trial if he wished to, or refuse to testify if he did not wish to," and refusal would have no bearing on guilt or innocence. Appellant argues the court's advice on the constitutional right not to testify is flawed because the court did not inform him the State could not compel him to testify against himself.
Our review of the court's dialogue with appellant convinces us the court's advice regarding appellant's constitutional rights was proper.
Appellant also argues the court failed to inquire whether he was a citizen of the United States as required by R.C. 2943.031. As the State points out, appellant signed a written no-contest plea which alleged he is a United States citizen. Further, the remedy to the violation of R.C. 2943.031 is to permit the accused to withdraw the plea if he is able to show he is not a citizen of the United States. Appellant does not allege that he is not a citizen of the United States, and therefore, has not shown the remedies of R.C. 2943.031 apply to him.
Appellant also argues he was not correctly informed of the penalties for the charges of rape and sexual battery. We have reviewed the record, and we find the written form which appellant executed clearly and accurately lists the appropriate sentences.
In order for the court to accept a valid plea of no-contest, it must substantially comply with Crim.R. 11. If it is apparent on the record the accused fully understood the circumstances of the plea, then courts must find substantial compliance, see Statev. Nero (1990), 56 Ohio St.3d 106.
We find the trial court committed no error in accepting appellant's no-contest plea. Accordingly, the second assignment of error is overruled.
 III
Appellant also argues the trial court erred in sentencing him for both rape and sexual battery, because R.C. 2941.25 permits appellant to be convicted and sentenced or only one offense.
Appellant argues the count of rape and the counts of sexual battery are allied offenses of similar import, such that he is being punished twice for the same conduct.
In State v. Bird (1998), 81 Ohio St.3d 582, the Supreme Court held: "Where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." (State ex. Rel. Stern v. Mascio
[1996], 75 Ohio St.3d 422, 425, 662 N.E.2d 370, 373, followed.)Syllabus by the court
In State v. Nero (1990), supra, the Supreme Court held where the circumstances surrounding the plea indicated the defendant subjectively understands the implications of the plea and the rights he is waiving, then literal compliance with Crim.R. 11 is not required. A defendant challenging the court's acceptance of his plea must show he would not otherwise have made the plea.
Here, appellant plea bargained from four counts of rape and one count of felonious sexual penetration involving two victims to one count of rape and two counts of sexual battery, and received a lesser sentence than he risked had he gone to trial and been convicted on all counts. Appellant now seeks to better his plea bargain.
We conclude the trial court committed no error in sentencing appellant on both the charge of rape and the sexual battery charges. Accordingly, the third assignment of error is overruled.
 IV
In its fourth assignment of error, appellant argues he was deprived of the effective assistance of counsel because trial counsel failed to raise the issue of allied offenses of similar import, see III, supra.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-pronged test for application to claims of ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, the accused must show both that trial counsel's representation falls below an objective standard of essential duty to his client, and also that counsel's substandard performance prejudiced the accused's ability to receive a fair and reliable trial. Ohio utilizes theStrickland test, see State v. Bradley (1989), 42 Ohio St.3d 136.
Because we find the record supports the court's entry of conviction and sentencing, we find appellant cannot demonstrate ineffective assistance of counsel.
The fourth assignment of error is overruled.
 V
Finally, appellant argues the trial court erred in correcting the record when there was no evidence presented the transcript had not been accurately transcribed. A trial court has authority pursuant to App.R. 9 to correct the record so that it conforms to the truth and does not mislead this court in our review.
The trial court decided to correct the record based upon the affidavit of both the prosecutor and defense counsel. The judge who ruled on the motion to correct the record was the judge who actually presided over the plea hearing. In State v. Schiebel
(1990), 55 Ohio St.3d 71, the Ohio Supreme Court found trial courts have the responsibility as well as the authority to modify portions of the trial record to reflect the events which actually occurred.
We find under the circumstances of this case, the trial court did not err in correcting the record.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.