[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 422.]

THE STATE EX REL. STERN, APPELLEE, *v*. MASCIO, JUDGE, APPELLANT.

[Cite as *State ex rel. Stern v. Mascio*, 1996-Ohio-93.]

*Prohibition restraining judge from holding a hearing on the affirmative defense of personal use of marijuana following the court's acceptance of a no contest plea to a charge of trafficking in marijuana—Writ granted, when.*

(No. 95-1184—Submitted February 20, 1996—Decided April 10, 1996.)

APPEAL from the Court of Appeals for Jefferson County, No. 93-J-42.

_____

{¶ 1} In *State v. Tatar*, Jefferson C.P. No. 93-CR-57, Donald Tatar entered a plea of no contest to a charge of trafficking in marijuana in violation of R.C. 2925.03(A)(4), a felony of the fourth degree. At that time, appellant, Jefferson County Common Pleas Court Judge John J. Mascio, addressed Tatar and informed him of the nature of the charged offense and the effect of his no contest plea. Judge Mascio further "advised Counsel for the Defendant that he had a right to make an explanation of the circumstances of the offense, but by virtue of [R.C.] 2925.03 giving the Defendant the right to raise an affirmative defense that the Court would also give the State an opportunity to rebut the affirmative defense should it be raised."

{¶ 2} When Tatar advised Judge Mascio that he was raising the R.C. 2925.03(F) affirmative defense of personal use, Judge Mascio accepted Tatar's no contest plea but scheduled a hearing on the affirmative-defense issue. Judge Mascio employed the same procedure in a different criminal case that resulted in the acquittal of the defendant therein on the charged offense following the affirmative-defense hearing, but a finding of guilty on the lesser included offense.

{¶ 3} In September 1993, appellee, Jefferson County Prosecuting Attorney Stephen M. Stern, filed a complaint in the Court of Appeals for Jefferson County

requesting a writ of prohibition restraining Judge Mascio from holding a hearing on the affirmative defense of personal use. In June 1995, following the submission of briefs on the merits, the court of appeals granted the writ.

{¶ 4} The cause is now before the court upon an appeal as of right.

_____

*Stephen M. Stern*, Jefferson County Prosecuting Attorney, and *Christopher D. Becker*, Assistant Prosecuting Attorney, for appellee.

*Sommer, Solovan, Liberati & Shaheen Co., L.P.A.*, and *John M. Solovan II*, for appellant.

_____

***Per Curiam.***

{¶ 5} Judge Mascio asserts that the court of appeals erred in granting the prosecuting attorney the requested writ of prohibition. In order to be entitled to a writ of prohibition, the prosecuting attorney is required to establish (1) that Judge Mascio was about to exercise judicial power, (2) that Judge Mascio's exercise of such power was unauthorized by law, and (3) that refusal of the writ would cause the prosecuting attorney injury for which he has no other adequate remedy in the ordinary course of law. *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 291, 649 N.E.2d 1205, 1207. It is uncontroverted that Judge Mascio was about to hold a hearing on the affirmative defense of personal use specified in R.C. 2925.03(F). Therefore, the first requirement for the issuance of a writ of prohibition was met.

{¶ 6} As to the second requirement for a writ of prohibition, Judge Mascio claims in his sole proposition of law that a common pleas court judge must grant a criminal defendant who pleads no contest to a felony charge of trafficking in marijuana in violation of R.C. 2925.03(A)(4) the opportunity to prove the affirmative defense that the marijuana was solely for personal use under R.C. 2925.03(F). R.C. 2925.03(A)(4) provides that no person shall knowingly

"[p]ossess a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount[.]" R.C. 2925.03(F) provides that "[i]t shall be an affirmative defense, as provided in section 2901.05 of the Revised Code, to a charge under this section for possessing a bulk amount of a controlled substance or for cultivating marihuana that the substance that gave rise to the charge is in such amount, in such form, or is prepared, compunded, or mixed with substances that are not controlled substances in such a manner, or is possessed or cultivated in any other circumstances whatsoever as to indicate that the substance was solely for personal use."

{¶ 7} While a plea of guilty is a complete admission of the defendant's guilt, a plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint. Crim.R. 11(B)(1) and (2). The trial court thus possesses discretion to determine whether the facts alleged in the indictment, information, or complaint are sufficient to justify conviction of the offense charged. *State v. Thorpe* (1983), 9 Ohio App.3d 1, 3, 9 OBR 1, 3, 457 N.E.2d 912, 915 (Markus, J., concurring). If the court determines that the alleged facts are insufficient to state the charged offense, it may find the defendant guilty of a lesser included offense, *State ex rel. Leis v. Gusweiler* (1981), 65 Ohio St.2d 60, 61, 19 O.O.3d 257, 418 N.E.2d 397, 398, or dismiss the charge.[1]

{¶ 8} Although a plea of no contest does not admit a defendant's guilt, Crim.R. 11(C) requires that the same procedure be followed by the trial court in accepting pleas of guilty and no contest in felony cases. See *State v. Pernell* (1976), 47 Ohio App.2d 261, 265, 1 O.O.3d 318, 321, 353 N.E.2d 891, 894. In felony cases, the trial court shall not accept a plea of guilty or no contest without informing the defendant and determining that he understands the effect of his plea, and that

---

1. As to misdemeanors, the court may make its finding pursuant to R.C. 2937.07 upon the required explanation of circumstances by the state. *State v. Waddell* (1995), 71 Ohio St.3d 630, 646 N.E.2d 821.

the court may proceed with judgment and sentence after accepting the plea. Crim.R. 11(C)(2)(b). The guilty or no contest plea also effects a waiver of the defendant's rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c).

{¶ 9} The procedure specified in Crim.R. 11(C) does not envision an affirmative- defense hearing or mini-trial, such as the one previously held by Judge Mascio in a case similar to the underlying case, which resulted in acquittal of the defendant on the charged trafficking offense. "'The essence of the "no contest" plea, is that the accused cannot be heard in defense. Thus any statement by him must be considered as in mitigation of penalty.'" *State v. Herman* (1971), 31 Ohio App.2d 134, 140, 60 O.O.2d 210, 214, 286 N.E.2d 296, 300, quoting Rueger, Schneider's Ohio Criminal Code (3 Ed.1963) 49, Section 10.1, fn. 4; *State v. McMillen* (Mar. 16, 1989), Franklin App. No. 88AP-477, unreported.

{¶ 10} Although the trial court retains discretion to consider a defendant's contention that the admitted facts do not constitute the charged offense, the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense. See *State v. Gilbo* (1994), 96 Ohio App.3d 332, 337, 645 N.E.2d 69, 72; see, also, *State v. McCuen* (June 16, 1995), Columbiana App. No. 92-C-83, unreported. By pleading no contest, the defendant waives his right to present an affirmative defense. See *State v. Harris* (Mar. 31, 1994), Franklin App. No. 93APA12-1726, unreported. In this respect, Ohio's no contest plea is similar to the "nolo contendere" plea in other jurisdictions. See, generally, 1 Wright, Federal Practice and Procedure (1982) 662-665, Section 177; LaFave & Israel, Criminal Procedure (1985) 801-802, Section 20.4(a).

**{¶ 11}** Notwithstanding the foregoing, Judge Mascio contends that a defendant's right to assert an affirmative defense is a substantive right created by R.C. 2925.03(F) which is not superseded by the conflicting procedure specified in Crim.R. 11. See *Cuyahoga Falls v. Bowers* (1984), 9 Ohio St.3d 148, 9 OBR 438, 459 N.E.2d 532, syllabus ("The provision in R.C. 2937.07 requiring an explanation of circumstances [in misdemeanor cases] following a plea of no contest has not been superseded by the enactment of Crim.R. 11 because the statutory provision confers a substantive right."). However, there is no conflict. A defendant may still raise an affirmative defense by pleading not guilty to the charged offense and stipulating to the facts set forth in the indictment, information, or complaint. Crim.R. 11 and pertinent case law merely require that if a defendant enters a no contest plea to a felony offense, the procedures set forth in the rule, which are similar for no contest and guilty pleas, must be followed.

**{¶ 12}** Therefore, where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the trial court must find the defendant guilty of the charged offense. See *State v. Rader* (1988), 55 Ohio App.3d 102, 563 N.E.2d 304; see, also, 2 Schroeder-Katz, Ohio Criminal Law and Practice (1992) 248, Section 33.01. Judge Mascio ordered an affirmative defense "hearing," at which he will consider evidence not solely in mitigation of the sentence to be imposed for trafficking in marijuana. The prosecutor thus established that Judge Mascio's contemplated exercise of power is unauthorized.

**{¶ 13}** Finally, as to the final requirement for the issuance of a writ of prohibition, the prosecutor arguably had adequate remedies in the ordinary course of law to contest Judge Mascio's decision to hold an affirmative-defense hearing, *i.e.*, an R.C. 2945.67 discretionary appeal by leave of court and a motion to stay the criminal proceedings pending consideration of the appeal. See, *e.g., State ex rel. Corrigan v. Griffin* (1984), 14 Ohio St.3d 26, 27, 14 OBR 328, 329, 470 N.E.2d

894, 895. However, where a lower court is without jurisdiction whatsoever to act, the availability or adequacy of an appellate remedy is immaterial. *State ex rel. Yates v. Montgomery Cty. Court of Appeals* (1987), 32 Ohio St.3d 30, 33, 512 N.E.2d 343, 346. Since the trial court patently and unambiguously lacked authority to hold an affirmative-defense hearing following its acceptance of the no contest plea, the court of appeals properly determined that a writ of prohibition should issue.[2]

{¶ 14} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____

2. In that the criminal defendant, Tatar, was improperly advised of the effect of his no contest plea, Judge Mascio should permit him to withdraw his no contest plea, if Tatar still desires to assert the affirmative defense of personal use.