DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Carl Grant appeals from his conviction in the Lorain County Court of Common Pleas. We affirm.
Grant is currently serving a prison term for aggravated murder. In late 1995, he was incarcerated at the Lorain Correctional Institution. After an investigation, prison officials intercepted a small quantity of marijuana that was being delivered to Grant by a Mr. Davitte Nesbit in November 1995. Based on that incident, on March 6, 1996, the Lorain County Grand Jury indicted Grant on one count of complicity to commit illegal conveyance of a prohibited item into a detention facility, in violation of R.C. 2923.03(A)(1) and 2921.36(A)(2), with a prior crime of violence specification. However, he was not served with the indictment until February 4, 1997, a delay of approximately eleven months.
Grant pleaded not guilty to the indictment. He moved to dismiss the indictment as time-barred on May 5, 1997. The state opposed the motion. A hearing was held on June 6, 1997. The trial court denied the motion on June 24, 1997.
On January 21, 1998, the day that Grant's trial was to begin, Grant entered a plea of no contest to the indictment. The trial court found him guilty and sentenced him accordingly. Grant now appeals to this court.
Grant asserts three assignments of error. We will address each in turn.
First Assignment of Error
THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND IN VIOLATION OF RIGHTS CONFERRED BY O.R.C. SECTIONS 2941.401,2945.71, 2945.72, 2945.73, ARTICLE I SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO AND THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN IT DENIED APPELLANT'S MOTION TO DISMISS.
 In his first assignment of error, Grant argues that the trial court erred by denying his motion to dismiss because the delay in service of the indictment violated R.C. 2941.401. We disagree.
R.C. 2941.401 states in relevant part:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter[.] * * *
* * *
 The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
 The statute only requires that a warden inform a prisoner of a pending indictment of which the warden has knowledge. "The language of the statute does not impose a duty on the state to use reasonable diligence in serving indictments to defendants who are already in prison." State v. Auterbridge
(Feb. 25, 1998), Lorain App. No. 97CA006702, unreported, at 3.
In the case at bar, there is no evidence that the warden had actual knowledge of the indictment. Grant asks us to infer knowledge of the indictment, as prison officials were the impetus for the criminal investigation and should have known that an indictment was pending. We decline Grant's invitation to expand R.C. 2941.401 beyond the plain language of the statute. Because there is no evidence that the warden of the correctional institution where Grant was housed between March 6, 1996, and February 4, 1997, had knowledge of the indictment, R.C. 2941.401
is not applicable here. The first assignment of error is overruled.
Second Assignment of Error
THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT APPLIED THE GRANT BALANCING TEST AND FAILED TO GRANT APPELLANT'S MOTION TO DISMISS.
 In his second assignment of error, Grant argues that the trial court should have granted his motion to dismiss because his constitutional right to a speedy trial was violated. We disagree.
A determination of whether a defendant's constitutional right to a speedy trial has been violated is a two-step process. Statev. Grant (1995), 103 Ohio App.3d 28, 34. The first inquiry is whether the delay is "presumptively prejudicial." Barker v. Wingo
(1972), 407 U.S. 514, 530, 33 L.Ed.2d 101, 117. Once this first part is met, the court must then balance four factors to determine whether the right to a speedy trial had been violated. Grant,103 Ohio App. 3d at 34.
In order for a court to determine that a delay was presumptively prejudicial, the defendant must show that the delay crossed the threshold between ordinary and prejudicial delay.Doggett v. United States (1992), 505 U.S. 647, 651-52,120 L.Ed.2d 520, 528. We find that Grant has not demonstrated that the approximately eleven-month delay between indictment and service was presumptively prejudicial. See State v. Carter (Apr. 1, 1998), Lorain App. No. 97CA006703, unreported, at 7. Having determined that the delay was not presumptively prejudicial, we need not proceed to the second part of the Barker analysis. The second assignment of error is overruled.
Third Assignment of Error
THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT GUILTY OF THE CHARGE IN THE INDICTMENT ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW.
 Grant contends in his third assignment of error that there was insufficient evidence to support a conviction after he pleaded no contest to the indictment. His contentions are without merit.
Once a defendant pleads no contest to a felony indictment, the state is relieved of the duty to prove all of the elements of the offense beyond a reasonable doubt. State v. Bird (1998),81 Ohio St.3d 582, 584. "[T]he defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422,424. Once a plea of no contest has been entered, the trial court then need only determine whether "the indictment * * * contains sufficient allegations to state a felony offense[.]"Bird, 81 Ohio St.3d at syllabus. If the indictment sufficiently states the felony offense, "the court must find the defendant guilty of the charged offense." Id.
In the case at bar, Grant was indicted on one count of complicity to commit the crime of illegal conveyance of drugs of abuse onto the grounds of a detention facility, in violation of R.C. 2923.03(A)(1), with a specification for a prior crime of violence (aggravated murder). R.C. 2923.03(A)(1) states in pertinent part: "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [s]olicit or procure another to commit the offense[.]" Illegal conveyance of drugs of abuse onto the grounds of a detention facility is a violation of R.C. 2921.36(A)(2) and requires that the offender act knowingly.
The indictment alleged that Grant knowingly solicited or procured Davitte Nesbit to commit the crime of illegal conveyance, and that Grant had committed a prior crime of violence. The language of the indictment was sufficient to support a finding of guilt on Grant's plea of no contest. The trial court did not err by finding Grant guilty of the crimes alleged in the indictment. Accordingly, the third assignment of error is overruled.
Grant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT CARR, P.J.
WHITMORE, J.
CONCUR