This is an appeal from the judgment of the Athens County Court of Common Pleas, which dismissed Defendant-Appellant Bobby Boling's petition to vacate or set aside his conviction and sentence.
The Athens County Grand Jury indicted the appellant on February 26, 1998, on one count of felonious assault in violation of R.C.2903.11(A)(1), a second-degree felony. Appellant originally pled not guilty to the charge contained in the indictment. On May 4, 1998, the appellant appeared before the trial court to withdraw his plea of not guilty and to enter a plea of no contest. In exchange for the appellant's plea of no contest to the felonious assault charge, the appellee agreed to recommend that the trial court impose a four-year prison sentence on the appellant. Appellee further agreed that it would not oppose the appellant's application for judicial release after the appellant had served two years of that four-year sentence. In addition, the appellee agreed not to pursue an unrelated Medicaid fraud case against the appellant, which had been referred to the prosecutor's office by the Athens County Department of Human Services. Appellant also expressed a desire to be evaluated for an alcohol treatment program as part of any future judicial release proceedings.
After the parties disclosed the terms of the plea agreement, the court addressed the appellant to determine whether he understood the rights he was forfeiting by pleading no contest to the indictment. The court carefully explained the rights outlined in Crim.R. 11(C) and asked the appellant if he understood those rights. The trial court also explained to the appellant that, although the court normally followed the prosecutor's sentencing recommendation in cases involving plea bargains, the court was not bound by the terms of the plea agreement and could impose a greater sentence. The trial court accepted the appellant's plea of no contest and asked the appellee to state the facts of the case.
Appellee informed the trial court that the case arose out of an incident that began the night of November 10, 1997. On that night, the appellant and Iris Norris, his girlfriend, had several people over to their house for a party. Everyone present consumed a great deal of alcohol and possibly marijuana and Valium as well. Approximately one-half hour after the party broke up the appellant went to see Tim Ruth, a neighbor who had attended the party, and told Ruth that Norris was hurt. Ruth asked the appellant how badly she was hurt, and the appellant replied that she was unconscious.
According to one of the statements that the appellant's brother, Robby Boling, gave to police, Robby helped Norris to bed that evening after one of the children of the appellant and Norris saw her lying outside. When Norris did not wake up the next morning, Robby Boling took her to the emergency room. Emergency room personnel called the Athens County Sheriff's Department because Norris had severe bruising over her arms and chest and showed signs of a severe head injury, all of which was inconsistent with Robby's explanation that she had fallen while walking the dog.
The statements pieced together by investigators were confusing and somewhat contradictory. However, Robby admitted in a subsequent statement to the police that the appellant had kicked Norris in the head and that she had crawled back to bed on her own. Based on the statements by Robby Boling and other witnesses, including four-year-old Billy Boling, investigators concluded that the evidence strongly pointed to the appellant as being Norris' attacker.
Defense counsel informed the court that the credibility of the state's witnesses was doubtful. Nevertheless, the appellant entered into the plea agreement out of fear that his admission that he consumed large amounts of alcohol and Valium that evening would prejudice him at trial. In addition, the appellant admitted that he has a serious alcohol problem and that he has a strong desire to undergo treatment for his alcoholism.
After this explanation of the facts, the court accepted the plea agreement and found the appellant guilty of felonious assault as charged in the indictment. Although the parties had agreed to proceed to sentencing immediately after the appellant changed his plea, the trial court delayed sentencing in order to give Norris a chance to be present, if she so desired. The court ordered a post-sentence investigation and an evaluation of the appellant to determine his eligibility for placement in the Southeastern Probation Treatment Alternative Correctional Facility, for purposes of any future judicial release application by the appellant.
Appellant appeared before the trial court for sentencing on May 11, 1998. Although Norris was not present, the appellee informed the court that she had suffered greatly from the attack, of which she had no memory. Appellee stated that Norris had expressed a desire for the appellant to go to prison for a very long time, although she had agreed to the terms of the plea bargain. The trial court accepted the appellee's sentencing recommendation and sentenced the appellant to four years imprisonment.
On August 19, 1998, the appellant filed a motion for leave to file a delayed appeal, claiming that the trial court did not properly inform him of his right to appeal. On October 1, 1998, we found that the appellant had entered a knowing, intelligent and voluntary plea of no contest. We denied the appellant's motion for leave to file a delayed appeal, finding that the trial court was not obligated to notify the appellant of his right to appeal. Appellant filed a motion for reconsideration, claiming a criminal defendant may waive his right to appeal, but the record must demonstrate that he did so knowingly and intelligently. On January 11, 1999, we found that the appellant had knowingly and intelligently waived his right to appeal at the change of plea hearing and denied the motion for reconsideration.
While the appellant's motion for leave to file a delayed appeal was pending before this court, the appellant filed a petition with the trial court to vacate or set aside his conviction and sentence. Appellant claimed that the trial court erred in accepting his plea of no contest because R.C. 2937.06 permits only pleas of guilty and not guilty in felony cases. In addition, the appellant argued that the trial court could not find him guilty absent an explanation of circumstances as required by R.C.2937.07. The trial court denied the appellant's motion without a hearing, finding that Crim.R. 11, which permits no contest pleas, supersedes R.C. 2937.06 and that R.C. 2937.07 does not apply to felony cases.
Appellant filed a timely notice of appeal of the trial court's denial of his petition to vacate or set aside his conviction and sentence. Appellant presents one assignment of error for our review.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF TO APPELLANT BASED UPON THE FACT THAT THERE WAS NO EVIDENCE TO SUPPORT A FINDING OF GUILT BASED UPON A PLEA OF NO CONTEST.
 I.
Appellant's sole assignment of error alleges that the trial court abused its discretion by accepting his plea of no contest and finding him guilty of felonious assault. Appellant no longer argues either that his plea of no contest was invalid under R.C.2937.06 or that R.C. 2937.07 requires a statement of circumstances in felony cases. Rather, the appellant contends that the trial court could not accept his plea of no contest and enter a judgment finding him guilty because there was no evidence to support the charge contained in the indictment.
A plea of no contest is not an admission of guilt, but rather "an admission of the truth of the facts alleged in the indictment." Crim.R. 11(B)(2). "The trial court thus possesses discretion to determine whether the facts alleged in the indictment, information, or complaint are sufficient to justify conviction of the offense charged." State ex rel. Stern v. Mascio
(1996), 75 Ohio St.3d 422, 423, 662 N.E.2d 370, 372. The trial court abuses its discretion, however, if it finds the defendant guilty when evidence in the record unequivocally negates one or more of the essential elements of the offense. State v. Mehozonek
(1983), 8 Ohio App.3d 271, 456 N.E.2d 1353.
Appellant argues that the appellee admitted at the change of plea hearing that there was no evidence to support the felonious assault charge against the appellant. We find it difficult to believe, however, that any licensed attorney, let alone a prosecutor in a criminal matter, would admit in open court that no evidence existed in support of his position and expect the trial court to allow the case to continue. Aside from the serious breach of the attorney's ethical obligations, such an admission would require the trial court to dismiss the action. As the appellee argues, even a cursory review of the transcript of the change of plea hearing in the court below reveals that the appellee did not make any such admission and that this record contains evidence to support every element of the felonious assault charge against the appellant.
Felonious assault requires that the defendant knowingly "[c]ause serious physical harm to another." R.C. 2903.11(A)(1). Norris, the victim in this case, suffered severe bruising over her upper body and a serious head injury that rendered her unconscious and required her to be hospitalized. The question, therefore, is not whether Norris suffered serious physical harm, but who, in fact, caused that harm. Appellant maintains that the appellee has no evidence to prove that he assaulted the victim. Appellee stated at the change of plea hearing, however, that several witnesses identified the appellant as Norris' assailant.
Appellant's contention is apparently based on the appellee's statement at the sentencing hearing that Norris' memory of the attack is "absolutely nothing." The fact that Norris does not remember the attack does not mean that the appellee had no evidence at all. It is clear that Norris was viciously assaulted on the night in question. Several witnesses have identified the appellant as the assailant, even if the credibility of these witnesses is somewhat questionable. Appellant himself has no memory of the night in question, so he cannot unequivocally state that he did not assault Norris.
We do not know the full extent of the evidence against the appellant, and we cannot evaluate the credibility of the appellee's witnesses. Had this case proceeded to trial, it is possible that the appellant would have been acquitted. On the other hand, the appellant could very well have been convicted at trial, in which case he would have faced the possibility of a much longer prison sentence than he ultimately received. Appellant entered his plea of no contest knowingly, voluntarily and intelligently. The evidence that the appellee presented to the trial court supports the essential elements of felonious assault under R.C. 2903.11(A)(1) and certainly did not contradict any of those elements. Accordingly, we find that the trial court did not abuse its discretion when it denied the appellant's petition to vacate and set aside his conviction and sentence.
Appellant's sole assignment of error is OVERRULED.
JUDGMENT AFFIRMED.