Because I believe the trial court properly found Moss guilty of the offense on his no-contest plea, I respectfully dissent. Where an indictment contains sufficient allegations to state an offense and the defendant pleads no contest, the trial court must find the defendant guilty.[7] The majority in the instant case, however, relies on Osborne v. Ohio[8] for the proposition that the allegations in the indictment of Moss were insufficient. I disagree.
In my opinion, the majority misapplies the holding inOsborne. The Osborne court merely held that the phrase "state of nudity" by its definition must refer to a lewd exhibition or a graphic focus on the genitals to survive constitutional scrutiny. The court did not thereby engraft or otherwise enact additional elements to the offense. Indeed, the judiciary would not be empowered to effectuate such a legislative amendment.
Pursuant to the Osborne holding, an admission to the facts of an indictment that alleges the depiction of a "state of nudity" includes by definition an admission to lewdness or graphic focus on the genitals. It is not necessary to expressly allege the definition of the term "state of nudity" to properly state an offense, just as it would not be necessary to define terms such as "deadly weapon" or "serious physical harm" in an indictment for felonious assault. Though the state would have to prove that the material was lewd or graphically focused on the genitals if the case had gone to trial, the admission of the element "state of nudity" in a no-contest plea subsumes the lewdness or graphic focus circumstances as mandated by the First Amendment and the holding of the court in Osborne.
To hold otherwise would assume that the statute, as written, fails to state an offense for which a person could be convicted. The Osborne holding simply does not stand for that proposition, and indeed, the court in Osborne expressly declined to extend its holding that far.[9] The effect of the majority's decision in the case at bar is to impermissibly ignore the dictates of the Osborne holding and in effect invalidate the statute as written. Because such a holding is not warranted by the First Amendment or the case law construing R.C.2907.323(A)(3), I would affirm the conviction in the case at bar. Accordingly, I dissent.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[7] State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422,662 N.E.2d 370.
[8] (1990), 495 U.S. 103, 110 S.Ct. 1690.
[9] Id. at 119, 110 S.Ct. at 1701.