DECISION.
This appeal is from the finding of guilty and the sentence imposed upon the plea of no contest entered May 18, 2000, to a charge of possession of cocaine that was brought pursuant to R.C. 2925.11(A).
The first assignment of error is that the trial court erred in overruling defendant-appellant Charles L. Horton's motion to suppress evidence recovered in a warrantless search of his automobile. The second is that the evidence was insufficient as a matter of law to sustain the conviction.
In the early evening hours of August 17, 1999, non-uniformed officers of Springfield Township, Ohio, were patrolling a high-crime, high-drug-trafficking area in an unmarked police vehicle, investigating complaints about transactions in illicit drugs. The officers saw Horton operating an automobile in which two other occupants were seated. Horton's activities involved repeated trips over several streets, during which he stopped to permit individuals to approach his car and lean into it. To the experienced police officers, this activity was consistent with the sale of drugs in that area, which had been the site of more than fifty drug-related arrests. Because the policy of the Springfield Township police department was not to allow officers in an unmarked vehicle to stop other vehicles, the officers used their radio to request that a uniformed officer stop Horton's car.
The officer who received the call was patrolling the same area on a bicycle, and he was joined by another officer on a bicycle. When they first observed Horton, his car had been stopped by a uniformed Springfield Township officer in a marked cruiser. Horton got out and spoke with one officer, while a second officer talked to the car's two passengers. Horton refused a request to search his vehicle. When the officer standing by the window of the car observed on the car's front seat a transparent plastic bag containing what he suspected was marijuana, Horton shoved the officer to whom he was speaking and fled from the scene on foot.
The police pursuit of Horton was unsuccessful, and Horton's car was seized and towed away. A subsequent inventory search of the car's contents revealed, concealed in the glove compartment, the quantity of cocaine that provided the basis for the instant charge. Horton was subsequently arrested, and on September 3, 1999, he was indicted.
The gist of Horton's motion to suppress the evidence, i.e., the .37 grams of cocaine found in the glove box, was that the officers had conducted a traffic stop without probable cause when no officer had observed any violation of law or ordinance by Horton. Secondarily, Horton contended that the stop was pretextual. The trial court, however, accepted the state's submission that the stop was lawful because the officers had an articulable and reasonable suspicion that criminal activity was occurring, and, in reliance upon the United States Supreme Court's decision in Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, the court overruled the motion.
In State v. Jackson (Mar. 21, 1990), Hamilton App. No. C-880739, unreported, a case clearly apposite here, the court stated as follows:
 In Terry v. Ohio, the Supreme Court held that a police officer may conduct a warrantless stop of an individual, even though there is no probable cause to make an arrest, if the officer has a reasonable and articulable suspicion that the individual is or may be engaged in criminal activity. To determine whether a police officer is justified in making an initial investigatory stop, the "totality of the circumstances" are examined. United States v. Sharpe (1985), 470 U.S. 675, 105 S.Ct. 1568; United States v. Cortez (1981), 449 U.S. 411, 101 S.Ct. 690.
 Applying the rule of Terry as we articulated it in Jackson, we hold that the trial court properly denied Horton's motion to suppress. Resultantly, Horton's first assignment of error is not well taken, and it is overruled.
Turning to the challenge to the sufficiency of the evidence presented in the second assignment of error, we note that, before accepting Horton's plea of no contest, the trial court advised him, correctly, that such a plea was an admission of the truth of the facts alleged in the indictment. See Crim.R. 11(B)(2) and 11(C). The substance recovered in the search was stipulated to be cocaine, a Schedule II controlled substance. The vehicle searched was registered in Horton's name. Where, as here, an indictment contains sufficient allegations to state a felony offense and a court accepts an intelligent and voluntary plea of no contest, it must find the defendant guilty of the offense charged. SeeState v. Bird (1998), 81 Ohio St.3d 582, 692 N.E.2d 1013 (citing State exrel. Stern v. Mascio [1996], 75 Ohio St.3d 422, 425, 662 N.E.2d 370,373). Accordingly, the second assignment is overruled.
The judgment of the Hamilton County Court of Common Pleas is, therefore, affirmed.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired from the First Appellate District, sitting by assignment.