JOURNAL ENTRY AND OPINION
Defendant-appellant Deshun A. Whitlow ("Whitlow") appeals from his conviction of carrying a concealed weapon (see R.C. 2923.12)[1]
following a plea of no contest. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the March 27, 2000 original indictment against Whitlow stated that on January 15, 2000, * * * in the County of Cuyahoga, unlawfully and knowingly carried or had concealed on his person or concealed ready at hand, a deadly weapon or dangerous ordnance, to-wit: loaded firearm.
At the plea hearing, the State provided a summary of Whitlow's actions which formed the basis for the indictment. See Tr. 16-18. Essentially, the State informed the trial court that Whitlow displayed a pistol through the window of a local barbershop and threatened to kill the barber/owner (Mr. Graham) therein. As the police were called and after the owner of the shop told Whitlow to go away, Whitlow proceeded to run down a nearby alley. The police apprehended Whitlow a short distance from the barbershop, at which time Whitlow, crying, professed remorse for his actions. The police then performed a pat-down search of Whitlow's person and found twenty-three .22-caliber cartridges in one of Whitlow's pockets. At this point, Whitlow volunteered that [T]he gun's under the garbage can. Tr. 18. The police immediately recovered the pistol and returned Whitlow and the weapon to the barbershop where the shop owner identified Whitlow as the individual who threatened him, and identified the firearm as the weapon that Whitlow had displayed outside the shop. This firearm was later successfully test-fired by the police and declared operable.
Appellant presents one assignment of error for review, stating:
 THE TRIAL COURT ERRED WHEN IT MADE ITS FINDING OF GUILT BECAUSE THE STATE FAILED TO PROVIDE THE COURT WITH SUFFICIENT FACTS THAT MR. WHITLOW POSSESSED A LOADED FIREARM.
In this assignment, appellant argues that the State charged Whitlow with possessing a loaded firearm, yet failed to present any evidence to the trial court that the firearm found by the police was actually loaded. Thus, appellant argues that his conviction should be reversed and remanded for a new trial.
Apart from the to-wit: loaded firearm language, the indictment is essentially a mirror image of the statutory language for a violation of R.C. 2923.12(A). Furthermore, that the ammunition for the firearm was located in Whitlow's pocket, to-wit, ready at hand, see R.C. 2923.12(D), the indictment is sufficient to charge the fourth-degree felony offense of carrying a concealed weapon. See Crim.R. 7(B). The to-wit: loaded firearm language is surplusage because it was not necessary to be proven in order to constitute the offense of carrying a concealed weapon; rather, it is sufficient that the fact-finder find the presence of a deadly weapon. See State v. Poston (Mar. 2, 2000), Cuyahoga App. No. 75846, unreported, 2000 Ohio App. LEXIS 772 at 8. The firearm herein, which was operable, constitutes a deadly weapon because it was capable of inflicting death, was designed as a weapon, and was possessed or carried as a weapon.
By entering a plea of no contest to a factually sufficient indictment for the felony offense of carrying a concealed weapon, Whitlow admitted the truth of the allegations alleged in the indictment. See Crim.R. 11(B)(2). Accordingly, the court must find the defendant guilty of the charged offense. State v. Bird (1998), 81 Ohio St.3d 582, 584, citing State v. Mascio (1996), 75 Ohio St.3d 422, 425.
Assignment overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and ANNE L. KILBANE, J., CONCUR.
[1] R.C. 2923.12, carrying concealed weapons, provides in pertinent part the following:
 (A) No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance.
* * *
 (D) * * *, if the weapon involved is a firearm that is either loaded or for which the offender has ammunition ready at hand, * * * carrying concealed weapons is a felony of the fourth degree. * * *.
A deadly weapon is defined as * * * any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon. R.C. 2923.11(A). Firearm includes an unloaded firearm. R.C. 2923.11(B)(1).
Whitlow was sentenced on October 26, 2000 to a term of one year of community control sanctions for a fourth-degree felony.