DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas which, following a plea of no contest, found appellant, Gabriel Garza, guilty of three counts of illegal use of minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1) and (B), felonies of the second degree, and four counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(5), felonies of the fourth degree. Appellant was sentenced concurrently to seven years in prison as to each count of illegal use of minor in nudity-oriented material or performance and to twelve months as to each count of pandering obscenity involving a minor.
 {¶ 2} Appellant raises two assignments of error on appeal:
 {¶ 3} "Assignment of Error No. 1: "The prosecutor's statement did not provide sufficient basis to find Appellant guilty of Pandering Obscenity Involving a Minor in violation of R.C.2907.321(A)(5).
 {¶ 4} "Assignment of Error No. 2: The trial court imposed a sentence contrary to law when it sentenced Appellant to serve seven years in prison."
 {¶ 5} In his first assignment of error, appellant argues that, even though he entered a no contest plea, because the trial court informed him that it would be "making a finding of guilty or not guilty * * * based upon the facts and circumstances" that were presented by the prosecutor, appellant is entitled to a statement by the prosecutor which is sufficient to establish a basis for guilt with respect to the pandering charges. We disagree.
 {¶ 6} At the outset, we note that the statement of the prosecutor provided a sufficient basis for a finding of guilty as to the pandering charges. Nevertheless, we find that no such statement from the prosecution was necessary.
 {¶ 7} Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint * * *." Appellant has not challenged the sufficiency of the indictment in this case. As such, the trial court's finding of guilt was appropriate. In fact, the Ohio Supreme Court has stated that "where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998),81 Ohio St.3d 582, 584, citing State ex rel. Stern v. Mascio (1996),75 Ohio St.3d 422, 425. Accordingly, we find that any reliance by appellant on the trial court's statement, that it would consider the statements of the prosecutor in determining guilt, was misplaced.
 {¶ 8} We therefore find that the trial court properly entered a finding of guilty with respect to the pandering charges. Appellant's first assignment of error is found not well-taken.
 {¶ 9} Appellant argues in his second assignment of error that the trial court imposed a sentence contrary to law when it sentenced appellant to serve seven years in prison. Specifically, appellant argues that the sentence was contrary to law because (1) the sentence was based in part on the faulty assumption that he had been convicted of the pandering obscenity charges; (2) the trial court did not make the findings mandated by R.C. 2929.14(B) when imposing a prison term greater than the minimum; and (3) had the court made the findings required by that section, they would not have been supported by the record. We disagree.
 {¶ 10} Given our affirmance of appellant's pandering convictions, appellant's first argument that the sentence was improperly imposed based upon the faulty assumption that appellant was convicted of pandering obscenity charges is unpersuasive. We find that appellant's second and third arguments also fail.
 {¶ 11} R.C. 2929.14(B) provides that the trial court must impose the shortest prison term authorized, unless the court finds one of the following on the record:
 {¶ 12} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 13} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 14} The Supreme Court of Ohio has held that, "pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing."State v. Comer (2003), 99 Ohio St.3d 463, 469, 2003 Ohio 4165, P26. However, the trial court is not required to give specific reasons for its finding pursuant to R.C. 2929.14(B)(2). Id., citing State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus.
 {¶ 15} In this case, at the November 15, 2002 sentencing hearing, the trial court stated that it considered the factors in this case, including the series of serious offenses involving young victims over a long period of time, whose youth and innocence appellant took advantage of and violated for his own "self gratification for his own purulent interest." The court then found that appellant "constitutes a foul and poisonous stench in our community and * * * must be removed."
 {¶ 16} The trial court then stated that it considered the principles stated in R.C. 2929.11 and balanced them against the seriousness and recidivism factors set forth in R.C. 2929.12. Thereafter, the court stated on the record in open court, the following: "The court further finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of these offenses and not adequately protect the public and therefore imposes a greater term." In its judgment entry, however, the trial court stated: "The Court finds on the record pursuant to R.C. 2929.14(B) that the shortest prison term will demean the seriousness of the offender's conduct OR will not adequately protect the public and therefore imposes a greater term."
 {¶ 17} We find that the trial court's use of the disjunctive "or" instead of the conjunctive "and" in the judgment entry was not fatal to the trial court's imposition of more than the minimum term. See State v. McDonald (Mar. 7, 2002), Delaware App. No. 01CAA08033. The trial court clearly made the appropriate findings on the record pursuant to R.C. 2929.14(B)(2). SeeComer, supra, and Edmonson, supra. We also find that the trial court's findings were amply supported by the record.
 {¶ 18} Upon consideration of the foregoing, we find that the trial court did not err by sentencing appellant to more than the minimum sentence in this case. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 19} On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
Handwork, P.J., Knepper, J., Judith Ann Lanzinger, J. Concur.