{¶ 42} I concur with the majority in all but the resolution of the second assignment of error. I would find that double jeopardy barred Crosswhite's retrial on fifth degree felonies for counts 8, 11, 32, 87, 90, 96, 99, 111, 114 and 118 because the court had found him guilty in the first trial of committing only first degree misdemeanors on those same counts.
 {¶ 43} In Bullington v. Missouri (1981), 451 U.S. 430, 437, the United States Supreme Court stated, "[i]t is well established that the Double Jeopardy Clause forbids the retrial of a defendant who has been acquitted of the crime charged." (Citations omitted.) This principle applies "whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." Price v. Georgia (1970),398 U.S. 323, 329. In United States v. DiFrancesco (1980), 449 U.S. 117,146, the supreme court stated:
 {¶ 44} "A verdict of acquittal represents the factfinder's conclusion that the evidence does not warrant a finding of guilty. United States v.Martin Linen Supply Co., 430 U.S. 564, 572 (1977). A guilty verdict of second-degree murder where the *Page 17 
charge to the jury permitted it to find the defendant guilty of first-degree murder represents the factfinder's implicit finding that the facts do not warrant a first-degree murder conviction. Thus, a retrial on first-degree murder is constitutionally impermissible."
 {¶ 45} Crosswhite pleaded no contest to counts 8, 11, 32, 87, 90, 96, 99, 111, 114 and 118 of the indictment. According to Crim.R. 11(B)(2), a no contest plea is "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." In other words, a no contest plea is not a self-executing judgment of conviction. The court must make a finding of guilt, and is required to do so if the indictment, information, or complaint contains sufficient allegations to state a felony offense. State ex rel. Stern v.Mascio (1996), 75 Ohio St.3d 422, 425.
 {¶ 46} Although the subject counts were originally charged in the indictment as fifth degree felonies, the court's judgment of conviction shows that it considered the "proffered evidence" and found Crosswhite guilty of a first degree misdemeanor. The court's decision to find Crosswhite guilty of the lesser first degree misdemeanor offense was tantamount to a finding that there was insufficient evidence to support the higher fifth degree felony. This was an evidentiary resolution of the higher, fifth degree felony offenses to which jeopardy attached, regardless of whether the plea itself was later rendered infirm. As the United States Supreme Court stated in Martin Linen, supra, the courts need to "determine whether the ruling of the judge, *Page 18 
whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged."Linen, 430 U.S. 571-572. I would find that the state was barred from retrying Crosswhite on the fifth degree felony count. I therefore respectfully dissent from the disposition of the second assignment of error. *Page 1