OPINION
{¶ 1} Defendant-Appellant, Peter R. Eichle, appeals a judgment of the Fairborn Municipal Court finding him guilty of Driving Under Suspension, R.C. 4510.14(A), sentencing him to 180 days in jail, with all but thirty days suspended, fining him $500, and suspending his operating privileges for one year. Eichle asserts that the trial court erred in finding him guilty of driving under suspension. Finding that the defendant's entry of a *Page 2 
no contest plea admitted the facts in the state's complaint are true, and that all the elements necessary for conviction are supported by the admitted facts, we affirm the judgment of the trial court.
 {¶ 2} In the early morning hours of April 15, 2007, Eichle, while operating his vehicle in the City of Fairborn, was stopped for running a red light. During this stop, Officer Bair, of the Fairborn Police Department, determined that Eichle's operator's license had been suspended as the result of a felony OVI conviction in the Greene County Common Pleas Court in 2001. Eichle was then charged with both the traffic control device violation and the driving under suspension violation.
 {¶ 3} Eichle admits that, prior to this arrest, he had been convicted of OVI nine times. As a result of the 2001 felony OVI conviction, pursuant to R.C. 4507.16(B)(4), Eichle's driver's license was permanently revoked. Eichle claims that for some unknown reason, the revocation was not transmitted to the BMV until June 9, 2006.
 {¶ 4} The state concedes that subsequent to the 2001 conviction, Eichle had two more OVI convictions — one in the Dayton Municipal Court in 2004, and one in the Vandalia Municipal Court later in 2004. Both of these offenses were incorrectly charged as misdemeanors rather than as felonies. After these convictions, and after the suspensions imposed for these convictions had expired, Eichle applied for and was issued an operator's license by the BMV, in spite of the permanent revocation. None of these facts is established by the record, except that they were argued to the trial court after the plea of no contest and prior to sentencing. Eichle argued in the trial court that his punishment should be mitigated because of the circumstances. The argument was successful. The trial court expressly found that some of the blame for these circumstances should be shouldered by the state, and it therefore suspended 150 days of *Page 3 
the 180-day jail sentence.
 {¶ 5} It is from the judgment of conviction and sentencing that Eichle takes the instant appeal, setting forth a single assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 6} THE COURT ERRED IN FINDING THE APPELLANT GUILTY OF DRIVING UNDER SUSPENSION WHEN HE POSSESSED A VALID DRIVER'S LICENSE.
 {¶ 7} In this assignment of error, Eichle challenges the trial court's finding of guilty after his plea of no contest to the charge. In support of his claims he has attached a number of documents illustrating his claims. Additionally, the state has attached other documentary evidence to its brief. However, none of these documents is a part of the record in this case, and, while it is unclear from the record whether the trial court had the benefit of these documents, none was ever offered into evidence in the trial court.
 {¶ 8} The offense for which Eichle was convicted was driving under suspension. R.C. 4510.14(A) provides, in pertinent part, that "[n]o person whose driver's * * * license * * * has been suspended under [OVI sections] of the Revised Code * * * shall operate any motor vehicle upon the public roads or highways within this state during the period of the suspension."
 {¶ 9} Eichle entered a plea of no contest to the driving under suspension offense. The trial court was required to enter a judgment of conviction on Eichle's plea of no contest, so long as the complaint contained factual allegations sufficient to support the charge.State v. Carter (April 12, 2002), Montgomery App. No. 19105,2002 WL 538871, at *2, citing State v. Bird (1998), 81 Ohio St.3d 582, 584,692 N.E.2d 1013; State ex rel. *Page 4 Stern v. Mascio (1996), 75 Ohio St.3d 422, 425, 662 N.E.2d 370.
 {¶ 10} The complaint herein alleged that "[o]n 4/15, 2007 at 0135 m., you operated a pass. vehicle yr 1999, make Mits, Body Type 3000GT upon a public highway, namely Old Yellow Springs Rd. at Beaver Valley in the City of Fairborn, in Greene County (No 29), State of Ohio and committed the following offenses: Driver's License Suspended, Suspension Type OVI, [in violation of] ORC 4510.14(A) * * * ."
 {¶ 11} Eichle doesn't claim that the complaint is defective. Instead, he argues that the evidence before the court was insufficient, as a matter of law, to support his conviction. However, there was no other evidence before the court, and under the rule of Bird, Eichle's plea of no contest operated to waive his right to assert any error in that regard on appeal.
 {¶ 12} The assignment of error is overruled, and the judgment of the Fairborn Municipal Court is hereby affirmed.
WOLFF, P.J., concurs in judgment only.
GRADY, J., concurs.
Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
Copies mailed to:
Betsy A. Deeds L. Patrick Mulligan George A. Katchmer Hon. Beth W. Root *Page 1