[Cite as *State v. Lopez*, 2011-Ohio-4457.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                          :
                                   C.A. CASE NO. 24292

v.                                               :         T.C. NO. 10TRD4947

PABLO SANTIAGO LOPEZ                             :         (Criminal appeal from
                                         Municipal Court)

    Defendant-Appellant                         :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   2nd   day of   September  , 2011.

. . . . . . . . . .

EBONY N. WREH, Atty. Reg. No. 0080629, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

GEORGE A. KATCHMER, Atty. Reg. No. 0005031, 108 Dayton Street, Yellow Springs, Ohio 45387
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-Appellant Pablo Santiago Lopez appeals from a decision of the Dayton Municipal Court, Traffic Division, finding him guilty on the charges of operating a motor vehicle without a valid license pursuant to R.C. 4510.12(A)(1), an unclassified misdemeanor, and failure to signal pursuant to R.C. 4511.39, a minor misdemeanor.

I

{¶ 2} On April 1, 2010, Lopez was cited with operating a motor vehicle without a valid license and failure to signal. Lopez submitted a written plea of not guilty on April 13, 2010. At his trial on September 13, 2010, Lopez pled no contest to both charges and the trial court entered guilty findings on both charges. Lopez was subsequently ordered to serve twenty hours of community service and was fined two hundred and fifty dollars, plus court costs, for operating a motor vehicle without a license. On the failing to signal citation, the court assessed court costs.

{¶ 3} It is from this judgment that Lopez now appeals.

II

{¶ 4} Lopez's sole assignment of error is as follows:

{¶ 5} "THE APPELLANT POSSESSED A VALID INTERNATIONAL DRIVER'S LICENSE WHICH REQUIRED HIM TO HAVE HAD A VALID MEXICAN LICENSE, OHIO IS A TREATY SIGNATORY WITH MEXICO RECOGNIZING MEXICAN LICENSES."

{¶ 6} In his sole assignment of error, Lopez contends that he presented a valid international driver's license when he was cited. Lopez also contends that the City did not contest his possession of an international driver's license. Lopez claims the City did not dispute that possession of the international driver's license proves he had a valid Mexican license, since said license is needed to obtain the international driver's license. Therefore, Lopez claims, he did not breach Ohio law.

{¶ 7} The facts adduced by the prosecutor on the no contest plea are as follows: "On it looks like April 1 of this year 2010, at approximately 11:35 p.m., the Defendant Pablo Lopez was operating a 2000 Chevy van and was stopped by Officer Hardin at the location of Xenia and Hoch * * * which is within the City of Dayton, county of Montgomery, State of Ohio. When Mr. Lopez was operating that vehicle he failed to signal a hundred feet prior to turning. At the time that he was operating that vehicle he did not have a license issued to him by the state of Ohio. Although he had been a resident of the state of Ohio apparently since at least 2002. The

State would also like to proffer or submit a certified copies [sic] of citations - traffic cases that the Defendant has received in the past as far back as 2002 which shows his address in the city of Dayton." Lopez, through his attorney, made a "proffer" to the court that he had a valid international driver's license when he was cited, and that he previously had a Mexican license which he surrendered to obtain his international license.

{¶ 8} Lopez was found guilty on his no contest plea of a violation of R.C. 4510.12(A)(1) which provides: "No person * * * shall operate any motor vehicle upon a public road or highway or any public or private property used by the public for purposes of vehicular travel or parking in this state unless the person has a valid driver's license issued under Chapter 4507 of the Revised Code * * *." Furthermore, "[t]he operator of a motor vehicle shall display the operator's driver's license, or furnish satisfactory proof that the operator has a driver's license, upon demand of any peace officer or of any person damaged or injured in any collision in which the licensee may be involved. * * * A person's failure to furnish satisfactory evidence that the person is licensed under this chapter when the person does not have the person's license on or about the person's person shall be prima-facie evidence of the person's not having obtained a driver's license." R.C. 4507.35(A).

{¶ 9} An affirmative defense is one "involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence." R.C. 2901.05(D). "'[T]he defendant who pleads no contest waives the right to present additional factual allegations to prove that he is not guilty of the charged offense. By pleading no contest, the defendant waives his right to present an affirmative defense.'" *State v. VFW Post 431*, Montgomery App. No. 19892, 2004-Ohio-3466, at ¶ 27, quoting *Stern v. Mascio*, 75 Ohio St.3d 422, 1996-Ohio-93. A defendant entering a plea of no contest admits the facts in the citation to be true, waiving his right to an affirmative defense. *State v. Harris* (March 31, 1994), Franklin App. No. 93APA12-1726.

{¶ 10} Lopez seemingly sought to assert an affirmative defense by claiming he possessed and presented an international license and that his international license was valid because he had to forfeit his Mexican license to obtain it. Lopez offers no evidence to support this claim other than an unsubstantiated proffer. We note the city prosecutor did not stipulate to the facts asserted by defense counsel. Nevertheless, since Lopez pled no contest, he has waived his right to any affirmative defense.

{¶ 11} Following the statement of facts made by the prosecuting attorney, the trial court inquired whether Lopez had

anything further, to which he replied "no." Lopez did not furnish the trial court with an international license nor any specific references to any treaty which he asserts makes his lack of a State of Ohio driver's license lawful.

{¶ 12} Additionally, there was no stipulation entered into by the city prosecutor that Lopez had an international license which he displayed upon request of Officer Hardin. We note that the officer, in the supplemental comments section of the citation, documented "no OL ever."

{¶ 13} In weighing the facts and evidence before it, the trial court properly found Lopez guilty on his no contest plea of a violation of R.C. 4510.12(A)(1), operating a vehicle without a valid Ohio license. Lopez failed to provide any documentary evidence to the contrary and the City did not so stipulate to Lopez's counsel's verbal assertion.

{¶ 14} Lopez's sole assignment of error is overruled.

III

{¶ 15} Lopez's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Ebony N. Wreh
George A. Katchmer
Hon. Christopher D. Roberts