[Cite as *State v. Martin*, 2013-Ohio-5050.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                               :

    Plaintiff-Appellee                     :        C.A. CASE NO.    25593

v.                                          :        T.C. NO.    12CR2003

TERRY L. MARTIN                             :        (Criminal appeal from
                                                     Common Pleas Court)

    Defendant-Appellant                    :

                                            :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the  ___15th___  day of  _____November_____, 2013.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

TYLER D. STARLINE, Atty. Reg. No. 0078552, 260 N. Detroit Street, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant Terry L. Martin appeals his conviction and sentence for one count of domestic violence (knowingly) (two priors), in violation of R.C. 2919.25(A), a felony of the third degree.   Martin filed a timely notice of appeal with this Court on January 22, 2013.

{¶ 2} The incident which forms the basis for the instant appeal occurred on June 29, 2012, when Martin physically assaulted his step-sister, Lillian Witt, outside of a house in which they both lived located at 1038 Demphle Avenue in Dayton, Ohio. The residence is a two-story house with a basement. At the time of the incident, Martin's primary living area in the house was the basement. Witt's primary living area in the house was the second floor where she lived with her two children. Martin and Witt shared the common areas of the house, namely the kitchen, living room, and the washer/dryer area located in the basement.

{¶ 3} Martin was indicted by a Montgomery County Grand Jury for one count of domestic violence on August 6, 2012. On September 18, 2012, Martin and the State filed joint "stipulations of fact for [the] purposes of pre-trial briefing schedule." Martin filed a memorandum on September 28, 2012, in which he argued that Witt was not a family or household member pursuant to R.C. 2919.25(A). On October 11, 2012, the State filed a "pre-trial memorandum regarding [the] definition of family or household member."

{¶ 4} On October 23, 2012, the trial court filed a written decision finding that pursuant to R.C. 2919.25(F), a step-sister and step-brother are related by "affinity." The trial court also concluded that the term "resides" means "to live in a place on an ongoing basis." Finally, the trial court found that the issue of whether Witt resided with Martin was a factual issue for the jury to determine.

{¶ 5} Martin pled no contest to the charged offense on November 29, 2012. On January 14, 2013, the trial court sentenced him to nine months in prison.

{¶ 6} It is from this judgment that Martin now appeals.

{¶ 7} Because they are interrelated, Martin's first and second assignments of error will be discussed together as follows:

{¶ 8}    "THE TRIAL COURT PREJUDICIALLY ERRED IN FINDING THAT APPELLANT MARTIN WAS 'RESIDING WITH' LILLIAN WITT."

{¶ 9}    "THE TRIAL COURT PREJUDICIALLY ERRED IN FINDING THAT APPELLANT MARTIN WAS 'RELATED BY AFFINITY' TO THE VICTIM."

{¶ 10}    In his first and second assignments, Martin contends that the trial court erred when it interpreted the terms "reside" and "affinity" as the words are used in R.C. 2919.25(F).

{¶ 11}    Initially, we note that the Ohio Rules of Criminal Procedure provide that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment[.]" Crim. R. 11(B).    Where the indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty. *State v. Goodner*, 195 Ohio App.3d 636, 2011-Ohio-5018, 961 N.E.2d 254, ¶ 19 (2d Dist.); see also *State v. Bird*, 81 Ohio St.3d 582, 584, 692 N.E.2d 1013 (1998).   Accordingly, "by pleading no contest to the indictment, [the] appellant is foreclosed from challenging the factual merits of the underlying charge."   *Id*.   Thus, the effect of a no contest plea is to admit the truth of the factual allegations in the indictment and to relieve the prosecutor of the burden of proving the defendant guilty beyond a reasonable doubt. *State v. Moses*, 2d Dist. Montgomery No. 12293, 1991 WL 355157 (August 13, 1991).   Essentially, a plea of no contest means that "the accused cannot be heard in defense." *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996).

{¶ 12}    The indictment charged that "Terry L. Martin, on or about June 29, 2012,

\*\*\* did knowingly cause or attempt to cause physical harm *to a family member or household member*, to wit: Lillian Witt" in violation of R.C. 2919.25(A). The indictment mirrors the statutory language found in R.C. 2919.25(A). Thus, it is sufficient to charge Martin with domestic violence. R.C. 2919.25(F) states in pertinent part:

(1) "Family or household member" means any of the following:

(a) Any of the following who is residing or has resided with the offender:

\*\*\*

(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, *or another person related by \*\*\* affinity* to a spouse, person living as a spouse, of former spouse of the offender.

{¶ 13} Upon review, we conclude that by pleading no contest to domestic violence, Martin waived the right to challenge the trial court's determination regarding its intention to instruct the jury on the definition of "resides" and "affinity" as they are used in 2919.25(F). Further, Martin does not argue that the indictment was defective. By pleading no contest to the charge of domestic violence, Martin essentially admitted that Witt was a member of his household when he assaulted her. The plea conceded the legal sufficiency and the weight of the evidence necessary to convict. If he wanted to challenge the trial court's pre-trial determination, Martin should have proceeded to a jury trial, a bench trial, or trial by stipulation. By pleading no contest to domestic violence, Martin admitted the truth of the allegations in the indictment and waived his right to challenge what constitutes a "family or household member" as used in R.C. 2919.25(F).

{¶ 14} Martin's first and second assignments of error are overruled.

{¶ 15}   All of Martin's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Kirsten A. Brandt
Tyler D. Starline
Hon. Dennis J. Langer