DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, the State of Ohio, appeals from the judgment of the Lorain County Court of Common Pleas. We reverse.
 I. {¶ 2} Appellee, Andrew Zilka, was indicted on one count of theft in violation of R.C. 2913.02(A)(1), a fifth degree felony. The indictment alleged that Zilka stole property with a value in excess of $500. On June 15, 2007, Zilka entered a plea of no contest to the indictment. Zilka, however, asserted that he was challenging the value of the property as alleged in the indictment. The trial court then held an evidentiary hearing on the matter. During this hearing, the State *Page 2 
presented evidence that the stolen property had been purchased in February 2005 for over $1700 and was stolen by Zilka in September and October 2005. In turn, Zilka asserted that he was able to sell half of the property for $200. At the conclusion of the hearing, the trial court found Zilka guilty of the lesser included offense of theft, a first degree misdemeanor. The court sentenced Zilka to 180 days in jail and fined him $350. The State timely appealed the trial court's judgment, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT CONVICTED APPELLEE OF A MISDEMEANOR THEFT OFFENSE SUBSEQUENT TO A NO CONTEST PLEA TO A FELONY THEFT CHARGE."
 {¶ 3} In its sole assignment of error, the State contends that the trial court erred in accepting Zilka's no contest plea and then reducing the felony charge to a misdemeanor. As the State did not object to this procedure, it has argued that the trial court committed plain error. This Court agrees.
 {¶ 4} Crim.R. 52(B) permits this Court to take notice of a plain error that affects a substantial right despite that error not having been brought to the attention of the trial court. "An action of a trial court that exceeds its authority qualifies as an instance of plain error in that it affects the substantial right of the state to have judicial proceedings conducted according to law." State v. Barnett (1999), 131 Ohio App. 3d 137, 142. *Page 3 
 {¶ 5} In its brief, the State urges that the trial court lacked the authority to perform its actions. We agree.
 {¶ 6} Once a defendant pleads no contest to a felony indictment, the State is relieved of the duty to prove all of the elements of the offense beyond a reasonable doubt. State v. Bird (1998),81 Ohio St.3d 582, 584. "[T]he defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." State ex rel. Stern v. Mascio
(1996), 75 Ohio St.3d 422, 424. Once a plea of no contest has been entered, the trial court then need only determine whether "the indictment * * * contains sufficient allegations to state a felony offense[.]" Bird, 81 Ohio St.3d at syllabus. If the indictment sufficiently states the felony offense, "the court must find the defendant guilty of the charged offense." Id.
 {¶ 7} In addition, the Supreme Court has previously held that after a no-contest plea is filed in a felony case, the judge has the authority to enter a finding on a lesser included offense based on the unsworn colloquy between the court and counsel. See State ex rel. Leis v.Gusweiler (1981), 65 Ohio St.2d 60.
 "Although the charged offense in O'Connor was a misdemeanor rather than a felony, as in the instant cause, Crim.R. 11(A), which provides for the plea of no contest, makes no distinction between felony and misdemeanor offenses. Since the case was submitted on a plea of no contest, appellant had the authority to enter a finding on the lesser included offense." Id. at 61.
The Supreme Court then clarified its position in Mascio,75 Ohio St.3d at 424, stating as follows: *Page 4 
 "The procedure specified in Crim.R. 11(C) does not envision an affirmative-defense hearing or mini-trial, such as the one previously held by Judge Mascio in a case similar to the underlying case, which resulted in acquittal of the defendant on the charged trafficking offense. The essence of the no contest plea, is that the accused cannot be heard in defense. Thus any statement by him must be considered as in mitigation of penalty." (Internal quotations and citations omitted.)
 {¶ 8} In the instant matter, the indictment detailed that Zilka committed theft of property with a value in excess of $500, a felony. Under Mascio, the trial court was prohibited from conducting a "mini-trial" to entertain Zilka's challenge to the value of the property. By pleading no contest, Zilka admitted that the value of the property exceeded $500. This Court, therefore, concludes that the trial court lacked the authority to conduct a "mini-trial" following Zilka's plea of no contest to an indictment which sufficiently alleged a felony offense.
 {¶ 9} In Gusweiler, supra, however, the Ohio Supreme Court held that the finding of guilty on a lesser included offense constitutes a finding of not guilty on the greater offense, even though the trial court does not explicitly make such a finding. As a result, the Court concluded that the defendant had been placed in jeopardy when the court exercised its discretion and accepted the no-contest plea.
 "Here, the [trial judge] exercised his discretion to accept a no contest plea and resolved the factual elements of the charged offense against the state by indicating his intent to find the defendant guilty of an attempt rather than guilty of the principal charge. Thus, jeopardy has attached in the instant cause." Gusweiler, 65 Ohio St.2d at 61.
 {¶ 10} While we question the viability of Guswelier followingMascio and Bird, we need not reach that issue as we findGusweiler distinguishable. Unlike *Page 5 
the trial court in Gusweiler, the trial court herein did not have the discretion to accept evidence to resolve factual elements of the charged crime. Because the indictment was sufficient to state a felony theft charge, the trial court was obligated to enter a finding of guilty on that charge once the plea was accepted. Bird, 81 Ohio St.3d at syllabus ("the court must find the defendant guilty of the charged offense."). As the trial court exceeded its authority, its judgment of conviction is void and jeopardy has not attached. See, generally, State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 25 (noting that a sentence entered without statutory authority is void and that jeopardy does not attach to such a sentence).
 {¶ 11} The State's sole assignment of error is sustained.
 III. {¶ 12} The State's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 6 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 WHITMORE, P. J., DICKINSON, J., CONCUR.
 *Page 1