[Cite as *Centerville v. Nagle*, 2020-Ohio-2849.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| CITY OF CENTERVILLE, OHIO | : | |
| | : | Appellate Case No. 28639 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2019-TRD-6080 |
| v. | : | |
| | : | (Criminal Appeal from |
| DANIEL A. NAGLE | : |  Municipal Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of May, 2020.

. . . . . . . . . . .

JOHN D. EVERETT, Atty. Reg. No. 0069911, City of Kettering Prosecutor's Office, Appellate Division, 2325 Wilmington Pike, Kettering, Ohio 45420
        Attorney for Plaintiff-Appellee

DANIEL A. NAGLE, 1171 Snowbell Way, Centerville, Ohio 45458
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Daniel A. Nagle pled no contest in the Kettering Municipal Court to violating Centerville City Ordinance 432.12 (starting and backing vehicles), a minor misdemeanor. The trial court found Nagle guilty, imposed a suspended $25 fine, and ordered him to pay court costs. Nagle appeals from his conviction, claiming that the trial court erred in finding him guilty. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} The traffic ticket and the attached Citation Statement of Fact by Centerville Police Officer Scott Thomas provide the following facts.

{¶ 3} At 2:54 p.m. on November 4, 2019, Nagle was stopped behind another vehicle at the intersection of Loop Road and Far Hills Avenue in Centerville. The other vehicle moved forward in anticipation of making a right turn onto Far Hills. However, upon concluding that she could not turn safely, the driver (whom the parties identify as Maria Burkett) stopped her vehicle. Nagle, who had also started to move forward, struck the back of Burkett's vehicle at a speed of approximately 10 mph. No one was injured.

{¶ 4} Officer Thomas completed a Traffic Crash Report, which he referenced in his Citation Statement of Fact. However, the Traffic Crash Report, which included witness statements by Nagle and Burkett, was not filed in the trial court with the traffic ticket.

{¶ 5} Officer Thomas charged Nagle with violating Centerville City Ordinance 432.12, which provides, in relevant part: "No person shall start a vehicle which is stopped, standing, or parked until the movement can be made with reasonable safety." Centerville City Ordinance 432.12(a)(1). In general, a violation of Centerville City Ordinance 432.12(a)(1) is a minor misdemeanor. Centerville City Ordinance 432.12(b).

The ticket summoned Nagle to appear on November 12, 2019, at 9:00 a.m. before the Kettering Municipal Court.

{¶ 6} Nagle appeared for arraignment, as required. Prior to the hearing, he also filed a document titled "Supplemental Traffic Affidavit and/ [sic] Motion for Court to Find Defendant 'Not Guilty' under 2937.07 O.R.C. No Contest Plea," which argued that the circumstances of the collision required a not guilty finding. Nagle raised that (1) Burkett's action of starting to move forward before it was safe for her to turn caused the accident, (2) the sudden emergency doctrine applied, and (3) photographs of the scene demonstrate that had Burkett stopped a few more inches forward, no collision would have occurred. Nagle attached copies of numerous photos to his motion.[1]

{¶ 7} At the November 12 hearing, the trial court informed Nagle of the charge, the maximum possible penalty ($150 fine), that he did not have a constitutional right to an appointed attorney but he could obtain an attorney if he wished, and that the prosecutor would be required to prove its case beyond a reasonable doubt. After noting that Nagle had filed a motion, which the clerk had considered to be a not guilty plea, the court asked Nagle to confirm that he was pleading not guilty; Nagle responded that he was pleading no contest.

---

[1] Nagle's motion also referenced the "affidavits" of Burkett and Nagle. The motion in the record, however, includes only the copies of Nagle's photographs as exhibits. The Traffic Crash Report, including the witness statements of Nagle and Burkett, was attached to Nagle's Praecipe for Full Transcript and Record to Second District Court of Appeals, which was filed on December 10, 2019, along with his notice of appeal. However, "[a]n appellate court's review in a direct appeal is limited to the materials in the record and the facts and evidence presented to the trial court." *Yates v. Kanani*, 2d Dist. Montgomery No. 23492, 2010-Ohio-2631, ¶ 24. "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.

{¶ 8} The trial court explained the effect of a no contest plea. Nagle stated that he understood and expressed that the facts "would not change one bit" if he went to trial. The court told Nagle that it would not consider exhibits, such as his photographs, as part of a no contest plea, and that he should plead not guilty if he wished to offer evidence. When Nagle insisted that he wanted to continue with a no contest plea, the court briefly recessed the hearing to allow a prosecutor to appear and present an explanation of circumstances.

{¶ 9} Upon recalling the case with the prosecutor present, the court again told Nagle the charge and that he had the right to an attorney, to a trial, and to have his guilt proven beyond a reasonable doubt. The court continued:

* * * You have indicated to the Court that you wish to enter a no contest plea and as I have informed you, if you do enter a no contest plea you are telling the Court that you do not contest the truth of the facts alleged in the complaint. The Court is going to review the complaint. The Prosecutor will offer an explanation of the circumstances. If that information and that complaint is sufficient to establish the violation then the Court would be forced to enter a guilty finding. However that cannot be used against you in any ancillary proceeding arising out of this matter. Further on a no contest plea, the Court cannot take exhibits. I understand that you've prepared a Motion but the issues, if there are any or the proof or the evidentiary value of those exhibits we would certainly consider at a trial but not here at a no contest plea when the Prosecutor does not and has not had an opportunity to talk to the witnesses on his side of the case. So we

really have two choices. You may proceed if you like with the no contest plea or you may plead not guilty. We'll set this case for a little bench trial. You'll have an opportunity to present any photographs, any testimony that you would like the Court to consider. The Court then also [would] have the benefit of the testimony of the officer and any witnesses. I don't know how it would come out. But I just, on a no contest plea today you're basically conceding the facts alleged and I'm not going to get into taking evidence of, of any kind other than as the law requires taking an explanation of the circumstances from the Prosecutor. So how do you wish to proceed today sir?

Nagle responded that he wanted to plead no contest.

{¶ 10} Nagle again asked the trial court to consider his brief. He argued that the facts would not change at trial, that the court could make a finding of not guilty, and that he wished to plead no contest to avoid the effect in any subsequent civil action of a guilty finding at trial. In response, the prosecutor moved to strike Nagle's brief, noting that the trial court was not required to take an explanation of circumstances on a minor misdemeanor charge and that the explanation of circumstances, when given, is provided by the prosecutor.

{¶ 11} The court told Nagle that, if he had a defense to the case, he would be best served by proceeding to a trial. The court emphasized that, on a no contest plea, it would look at the ticket and the facts it alleged. Nagle expressly stated that he did not want a trial and that he was waiving the constitutional rights that he would have at a trial. When asked if there was "anything that you want to say about the facts of the case," Nagle

responded, "I think it's already been said your Honor."

{¶ 12} The court asked the prosecutor to provide an explanation of circumstances. The prosecutor stated:

Your Honor, if this case had gone to trial the City of Centerville would have proved beyond a reasonable doubt that on November 4, 2019 at about 2:54 p.m. at Loop Road and Far Hills in the City of Centerville, Montgomery County, State of Ohio that the Defendant in this case did, uh, start forward movement of his car from a stopped position and run into the back of another car; thus the State would prove beyond a reasonable doubt that he did start his car without safety and run into the back of the car. Thank you.

When asked if he had anything further, Nagle said that he did not, and he asserted that the facts read by the prosecutor warranted a not guilty finding.

{¶ 13} Based on "the no contest plea [and] the explanation of circumstances before the Court," the trial court found Nagle guilty. The court sentenced Nagle to a $25 fine, which it suspended, and ordered him to pay court costs. Nagle appeals from his conviction.

## II. Appeal from Minor Misdemeanor No Contest Plea

{¶ 14} Nagle raises five assignments of error, which we will address together. They state:

The Trial Court, errored [sic] in finding the Defendant Guilty, under a No Contest Plea, by accepting the Prosecutor's improper description of the FUTURE [capitalization sic] explanation of the circumstances of the case, as when it would be tried, if at all, in the future. This is not an explanation

of the circumstances required to be before the Court, at 9:00 AM on November 12th Hearing.

The Trial Court errored [sic] in finding the Defendant Guilty, under a No Contest Plea, in improperly accepting the Prosecutor's explanation of the circumstances in this case utilizing merely statutory language, without a proper explanation of the factual circumstances mandated by the Statute.

The Trial Court errored [sic] in finding the Defendant Guilty under a No Contest Plea by failing to hear, entertain or consider, in its determination, an explanation of factual circumstances as to Mrs. Burkett's statement regarding her forward movement and her critical reason as to why she should abruptly stop her vehicle.

The Trial Court errored [sic] in its determination of whether the Defendant is Guilty or not Guilty of the alleged offense in failing to hear, entertain, consider and not applying the Sudden Emergency Doctrine in view of Mrs. Burkett's statement.

The Trial Court errored [sic] in its determination of whether the Defendant is Guilty or Not Guilty under a No Contest Plea, by failing to consider the import of Officer Thomas['s] very important explanation of circumstances, regarding the Defendant's inability, and, sudden impossibility of stopping his car immediately prior to impact.

{¶ 15} "A judge's duty to a defendant before accepting his [or her] guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged."   *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d

635, ¶ 25.   Nagle pled no contest to violating Centerville's starting and backing ordinance, a minor misdemeanor.   Nagle faced a maximum possible sentence of $150 and no jail time.   *See* R.C. 2929.28(A)(2)(a)(v).   Nagle's offense thus was a "petty offense," which means "an offense for which the penalty prescribed by law includes confinement for six months or less."   Traf.R. 2(D).

{¶ 16} When a defendant enters a guilty or no contest plea to a traffic misdemeanor case involving a petty offense, the plea is governed by Traf.R. 10(D), which provides:

> In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.   This information may be presented by general orientation or pronouncement.

> The counsel provisions of Criminal Rule 44(B), (C) and (D) apply to this subdivision.

*Accord* Crim.R. 11(E) ("In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.").

{¶ 17} Traf.R. 10(B), which defines "the effect of guilty or no contest pleas," states that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."   Traf.R.

10(B)(2); *see also* Crim.R. 11(B)(2), which is identical to Traf.R. 10(B)(2). The record reflects that the trial court informed Nagle of the effect of a no contest plea.

{¶ 18} Misdemeanor pleas are also governed by R.C. 2937.07.[2] With respect to no contest pleas, that statute reads:

> A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. *If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint.* If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of "no contest" or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding.

(Emphasis added.)

{¶ 19} In *State v. Waddell*, 71 Ohio St.3d 630, 646 N.E.2d 821 (1995), the Ohio Supreme Court addressed whether, pursuant to R.C. 2937.07, a trial court was required

---

[2] The Supreme Court of Ohio has held that "the provision in R.C. 2937.07 requiring an explanation of circumstances following a plea of no contest [in a misdemeanor case] has not been superseded by the enactment of Crim.R. 11 because the statutory provision confers a substantive right." *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984).

to consider a defendant's statement before accepting a no contest plea to a misdemeanor offense. The supreme court concluded that "R.C. 2937.07 requires that a court need only consider the explanation of circumstances by the state before it passes judgment. While a court may certainly consider a statement from the accused, it is not required to do so." *Id.* at 631. The court held that the trial court is required to consider the defendant's statement only where the plea is guilty. *Id.* at syllabus.

{¶ 20} Here, R.C. 2937.07 did not require an explanation of circumstances for Nagle's minor misdemeanor traffic offense. Nevertheless, at the request of the court, the prosecutor presented a brief explanation of the circumstances underlying the charge. There was nothing improper in the prosecutor's phrasing the explanation of circumstances in terms of what the State would prove if the matter went to trial. The prosecutor was simply stating what the traffic ticket and accompanying Citation Statement of Fact alleged had happened and that the State would have proven those facts at trial.

{¶ 21} The prosecutor's explanation of circumstances also did not merely recite the statutory language. The prosecutor's statement provided the date, time and location of the incident and indicated that Nagle moved his car forward from a stopped position and ran into the back of another vehicle. The trial court was able to determine from those facts whether Nagle had started his vehicle from a stopped position before he could do so "with reasonable safety."

{¶ 22} Three of Nagle's assignments of error focus on the trial court's failure to consider additional witness statements and whether Nagle's action fell within the sudden emergency doctrine.

{¶ 23} "[U]nder Ohio law, a driver may, under circumstances, avoid a violation of

a traffic statute that regulates the operation of motor vehicles if the motorist can show that something over which she had no control, or an emergency not of [his or] her own making, made it impossible to comply with the statute's requirements." *State v. Davis*, 4th Dist. Pickaway No. 04CA1, 2004-Ohio-5680, ¶ 15; *see also, e.g., State v. Houston*, 2018-Ohio-2788, 114 N.E.3d 1236, ¶ 31 (7th Dist.); *Oechsle v. Hart*, 12 Ohio St.2d 29, 34, 231 N.E.2d 306 (1967). The claim of a sudden emergency is an affirmative defense. *E.g., State v. Heater*, 9th Dist. Wayne No. 17AP0035, 2018-Ohio-4250, ¶ 8, citing *Zehe v. Falkner*, 26 Ohio St.2d 258, 271 N.E.2d 276 (1971), paragraph two of the syllabus.

{¶ 24} " 'The essence of the "no contest" plea, is that the accused cannot be heard in defense. Thus any statement by him must be considered as in mitigation of penalty.' " (Citations omitted.) *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996). As a result, while "the trial court retains discretion to consider a defendant's contention that the admitted facts do not constitute the charged offense, the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense. * * * By pleading no contest, the defendant waives his right to present an affirmative defense." (Citations omitted.) *Id.*; *see also State v. Shutway*, 2d Dist. Champaign No. 2014-CA-33, 2016-Ohio-431, ¶ 26.

{¶ 25} Nagle argued in the trial court that his alleged violation of the ordinance occurred because of Burkett's driving. Specifically, he claimed that Burkett's decision that she could not turn safely, and thus her starting and stopping rather than completing her turn, caused him to hit the rear of her vehicle. Nagle's no contest plea waived this argument. However, even if the argument were not waived by his no contest plea, we found a similar argument unavailing in *Riverside v. Kline*, 2d Dist. Montgomery No. 15543,

1996 WL 303582 (June 7, 1996).

{¶ 26} In that case, Kline was driving westbound in the left lane of State Route 35 approximately three vehicles behind Rosengarten, who was driving a large pickup truck. After Rosengarten missed his exit, he turned on his left turn signal and slowed his truck to turn into the median to turn around. When Rosengarten turned on his turn signal, the two cars behind him, and in front of Kline, moved into the right lane. Rosengarten turned into an unpaved, unmarked turnaround and stopped, waiting to turn onto eastbound Route 35. Kline testified at his trial that Rosengarten stopped his truck "very abruptly and apparently without cause" and that he did not see the truck's brake lights or left turn signal because the rear of the truck was covered with dirt. Unable to move into the right lane because of other traffic, Kline decided to pass "the entire event" by driving in the median. Kline collided with Rosengarten's truck while Rosengarten was turning left. Kline was found guilty after a trial of failure to maintain an assured clear distance ahead.

{¶ 27} On appeal, Kline contended, in part, that Rosengarten's driving created an emergency situation and that he was authorized to occupy the median area to effect an emergency stop. We rejected the argument, reasoning:

> A driver is under a duty to operate his vehicle so that he can bring it to a stop if the car immediately in front of him comes to a sudden stop. *Cox v. Polster* (1963), 174 Ohio St. 224, 226. The only circumstances under which a driver's compliance with the assured clear distance ahead statute may be excused are those which arise out of sudden emergencies which change the situation in which the driver finds himself, "*but which do not arise by reason of his own failure or neglect to comply with the rule.*" (Emphasis

added.) *Smiley v. Arrow Spring Bed Co.* (1941), 138 Ohio St. 81, 88.

Again, by Kline's own testimony, the "emergency" which forced him to drive

into the median was occasioned by his failure to comply with the ordinance.

Thus, Rosengarten's slowing, abruptly or not, did not create a sudden

emergency that relieved Kline from complying with the ordinance.

*Kline* at * 4. We further emphasized that "principles of comparative negligence usually play no role in the determination, in a criminal prosecution, of whether there has been an assured clear distance ahead violation." *Id.*

{¶ 28} We recognize that Nagle was found guilty of violating a starting and backing ordinance, not an assured clear distance ordinance. Nevertheless, under the ordinance at issue, Nagle was under a duty to remain in a stopped position until he could move with reasonable safety, which included the obligation that he have sufficient time to stop if the vehicle ahead of him stopped. Even accepting the facts as Nagle presents them, the only "emergency" which caused Nagle to rear-end Burkett's vehicle was Burkett's decision to stop rather than complete a turn. Similar to Rosengarten's driving in *Kline*, Burkett's stopping of her vehicle did not create a sudden emergency that relieved Nagle from complying with the starting and backing ordinance.

{¶ 29} Nagle's assignments of error are overruled.

### III. Conclusion

{¶ 30} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

John D. Everett
Daniel A. Nagle
Hon. Frederick W. Dressel