[Cite as *State v. Zarlenga*, 2026-Ohio-2211.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellant,

v.

JOSHUA JOHN ZARLENGA,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0114

---

Criminal Appeal from the
Mahoning County Court No. 5 of Mahoning County, Ohio
Case No. 2025 TR C 01603 CNF

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor*, and *Atty. Kristie M. Weibling*, Assistant Prosecuting Attorney, for Plaintiff-Appellant and

*Atty. Frank L. Cassese* and *Atty. David J. Betras*, Betras Kopp, LLC, for Defendant-Appellee.

Dated:  June 11, 2026

**DICKEY, J.**

{¶1} With leave of this Court, Appellant, State of Ohio, appeals the November 14, 2025 judgment entry of the Mahoning County Court No. 5, convicting Appellee, Joshua John Zarlenga, of willful or wanton disregard of safety on highways in violation of R.C. 4511.20, a minor misdemeanor ("reckless operation"). Zarlenga entered no contest pleas to operating a motor vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree ("OVI"), OVI with a prohibited blood alcohol concentration ("BAC") of .17 or more in violation of R.C. 4511.19(A)(1)(h), a misdemeanor of the first degree ("high-tier OVI"), and failing to drive within marked lanes in violation of R.C. 4511.33, a minor misdemeanor ("marked lanes violation"). The county court dismissed the OVI, reduced the high-tier OVI to the "related" charge of reckless operation, then found Zarlenga guilty of reckless operation and the marked lane violation.

{¶2} The state filed a motion for leave to file a discretionary appeal pursuant to R.C. 2945.67(A) and App. R. 5(C). On January 20, 2026, we granted the motion in part, permitting for review the state's claim that the county court acted without authority following Zarlenga's plea of no contest when it convicted him of reckless operation, as reckless operation was neither a charged crime nor a lesser included offense of the charged crimes.

{¶3} In *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380 (1978), the Ohio Supreme Court addressed the issue of double jeopardy after a municipal court sua sponte found a defendant guilty of reckless operation following a plea of no contest to a high-tier OVI charge. The conviction was not based on the facts in the record, but instead the defendant's representation that he would lose his job and be unable to support his wife and six children if he was convicted of the high-tier OVI. The state filed the mandamus action arguing the municipal court's decision to reduce the high-tier OVI charge to reckless operation was a "gross abuse of discretion," and the state was without the recourse of a direct appeal.

{¶4} The Supreme Court opined the constitutional guarantees against double jeopardy cannot be frustrated by mandamus even where the municipal court ignores the law or facts in entering the conviction. *O'Connor* reads in relevant part:

[Defendant] was placed in jeopardy at the time the trial court exercised its discretion to accept a no contest plea. *See United States v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642. The trial court's finding of guilt of reckless operation constituted a finding of not guilty of the charge of operating an automobile under the influence of alcohol. For purposes of double jeopardy, this case is no different than had the trial court found defendant not guilty of any offense after accepting the plea of no contest. Thus, so far as the charge of driving while intoxicated is concerned, there has been a final determination of not guilty irrespective of whether, in arriving at that determination, the trial court grossly abused its discretion or erroneously determined that reckless operation is a lesser-included offense of the principal charge.

*Id.* at 382-383.

{¶5}    Relevant to the current appeal, the Supreme Court provided the following admonition regarding the trial court's obligation to act in accordance with Ohio law:

We do not imply by this decision that we approve of the manner in which the case was handled by the trial court. The Code of Judicial Conduct requires that a judge respect and comply with the law and be faithful to the law. Canons 2A and 3A(1). The facts in this case conceded by the no contest plea indicate that [the] defendant was guilty of the offense of driving under the influence of alcohol. A finding of guilt of a lesser offense, whether technically lesser included or not, is not justified on the basis of the case being "a hardship case." The trial court simply failed to follow the law. The fact that the case was a hardship case could properly be considered by the trial court only in the exercise of judicial discretion in determining the penalty to be applied. Moreover, had the prosecutor or the arresting officers assented to the reduction the judgment would also have not been in accordance with the law and facts when the reduction is based upon "hardship."

*Id.* at 383-384.

**{¶6}** Consistent with the Ohio Supreme Court's decision in *O'Connor*, we recognized in our January 20, 2026 judgment entry granting in part the motion for leave to file discretionary appeal that double jeopardy prohibits us from reversing Zarlenga's conviction and remanding the high-tier OVI charge because the reckless operation conviction contains within it an acquittal of the high-tier OVI charge. Nevertheless, we granted leave to appeal as the R.C. 2937.07 claim is "capable of repetition, yet evading review." Although Zarlenga's conviction for reckless operation is affirmed, we find nonetheless the county court committed plain error.

## FACTS AND PROCEDURAL HISTORY

**{¶7}** On June 21, 2025, a ticket (complaint) was issued by Lieutenant Kevin O'Kernick of the Beaver Township Police Department ("BTPD") charging Zarlenga with OVI, high-tier OVI, and a marked lanes violation. The police report prepared by Lieutenant O'Kernick reads in relevant part, "lane violation, smell of alcohol, slurred speech, failed [standardized field sobriety tests]." Following his arrest, Zarlenga voluntarily submitted to a breath test at BTPD and registered a BAC of .249, that is, three times the legal limit.

**{¶8}** Zarlenga was arraigned on June 24, 2025 and entered written pleas of not guilty. He filed a motion to suppress on October 8, 2025, in which he challenged the existence of probable cause for the traffic stop and alleged the breath-testing instrument at BTPD was improperly calibrated.

**{¶9}** The trial originally set for October 17, 2025 was converted to a hearing on the motion to suppress. The hearing was subsequently continued to November 14, 2025. On November 11, 2025, the state filed its opposition brief.

**{¶10}** On the morning of the hearing, Lieutenant O'Kernick was unavailable to testify due to illness. Due to Lieutenant O'Kernick's unavailability, the county court inquired as to the status of plea negotiations. The assistant prosecutor explained he had offered an "OVI 1 with minimums," but Zarlenga had rejected the plea offer and countered with "physical control and reckless operation." (11/14/25 Hrg. Tr., p. 4).

Case No. 25 MA 0114

{¶11} At the hearing, defense counsel argued for the first time that there was a break in the chain of events leading to the traffic stop. Even assuming arguendo that probable cause for a traffic stop was established based on the marked lanes violation, defense counsel argued it became stale when Zarlenga pulled off the road into a Sheetz parking lot, circled the lot, then returned to the road. Because Lieutenant O'Kernick did not follow Zarlenga into the Sheetz parking lot, but instead initiated the traffic stop roughly one mile down the road, defense counsel argued there was no probable cause for the traffic stop.

{¶12} The county court and the assistant prosecutor agreed the motion to suppress, to the extent it was predicated upon Lieutenant O'Kernick's failure to follow Zarlenga into the Sheetz parking lot and initiate the stop, turned in large measure on Lieutenant O'Kernick's testimony regarding the circumstances surrounding his surveillance and pursuit of Zarlenga's vehicle. The assistant prosecutor suggested "Detective Sinkovich" could offer testimony regarding the contents of the police report prepared by Lieutenant O'Kernick. The assistant prosecutor observed the rule against hearsay does not apply at suppression hearings, but recognized Zarlenga was likely to object to Detective Sinkovich's testimony. A fifteen-minute recess was taken to allow Detective Sinkovich to review the police report prepared by Lieutenant O'Kernick.

{¶13} When the hearing resumed, the assistant prosecutor moved to dismiss the case without prejudice. Defense counsel objected to the requested dismissal and represented that Zarlenga had decided to enter a no contest plea. The county court overruled the state's motion to continue the hearing and its motion to dismiss without prejudice, based on Zarlenga's expressed desire to enter a no contest plea.

{¶14} The county court provided the following notice to Zarlenga regarding the waiver of his rights:

> [B]y entering a plea of no contest, that admits the facts and evidence, which the State is going to read to me or at least cherrypick some important parts from that police report. But you're admitting the facts and evidence are true. I will then take a statement from you, if your lawyer recommends that you make any type of statement, and your allegation is that the facts

do not result, they do not add up to a finding of guilt in this case. So I will decide right here, right now, whether you are guilty.

It's also within the Court's purview to find you guilty of a lesser included *or related offense* as well.

Before I can take that plea from you, I just need to make sure that you understand what it means to plead no contest.

(Emphasis added) (*Id.* at p. 17-18). Zarlenga responded, "I do." (*Id.* at p. 18).

**{¶15}** The assistant prosecutor provided the following facts:

Your Honor, this is based on the police report from [Lieutenant O'Kernick], he made the traffic stop. We had -- earlier on the record we discussed the reason for the traffic stop. This is a plea of no contest, so the suppression issue is not relevant. The facts, should this case go to trial, upon making a traffic stop, [Lieutenant O'Kernick] heard a conversation between [Zarlenga] and presumably his wife. There was a female voice advising him [on Bluetooth] to, quote, not take a breathalyzer, end quote.

. . .

The observations, [Lieutenant O'Kernick] observed a strong smell of alcohol coming from [Zarlenga's] breath; speech was heavily slurred; his eyes appeared glassy; he had trouble understanding the situation; he admitted coming from the Lake Club and specifically said he, quote, only had three beers.

[Zarlenga] was then asked to step out of the vehicle. He had difficulty exiting the vehicle, used the door to steady himself and he was noticeably unsteady on his feet.

[Lieutenant O'Kernick] then proceeded to administer three field sobriety tests. The HGN observed six out of six clues. The walk and turn

test, [Lieutenant O'Kernick] observed eight out of eight clues, indicating impairment. And the one-leg stand, it said [Zarlenga] began hopping to the point of stumbling. [Lieutenant O'Kernick] then stopped [Zarlenga] from performing the test due -- or for his own safety. He was then placed under arrest. He was then transported to Post 50 where he agreed to take a BAC test. The results of that BAC test, which relates to Count Two, was a 0.249, which is a high-tier OVI 1.

(*Id.* at p. 20-21).

{¶16} The assistant prosecutor represented Zarlenga had no prior OVI-related offenses or convictions. Although the county court excused the assistant prosecutor, he remained in the courtroom until the matter concluded.

{¶17} Defense counsel provided the following response to the state's recitation of facts, without objection:

[W]e would respectfully disagree with the position of the State and the police report. Had this gone to trial, we'd have the opportunity to have cross-examined the officer as it relates to that. I think some things that would have been presented that are pertinent, Your Honor, is -- this is a Google map of the area. Per the officer's narrative, my client pulled into the Sheetz parking lot. The officer subsequently pulled into this driveway and parked.

The officer's -- according to his narrative, he says that he could not follow my client into the Sheetz parking lot due to heavy traffic. But logically, Your Honor, if you're making a left-hand turn here, whether you're directly behind my client or there's cars in between him and my client, the officer and my client, nothing would stop him from making a left into that parking lot had he wanted to initiate the traffic stop after what he claims he witnesses is my client hitting the fog line. He elected not to do that. My client went to Sheetz. When he left, this officer pulled out behind him in between cars and

Case No. 25 MA 0114

pulled -- my client voluntarily pulled into the Sparkle parking lot whereas the officer followed him in.

From there, he administered field sobriety tests. My client was not wearing shoes at the time. My client told him of a knee injury at the time. My client disputes admitting to drinking.

. . .

So the next piece of evidence that I think is important for the Court to consider as well is as it relates to . . . the test administered, per the discovery and the evidence given to me, the expiration date was 6/20 of '25, and the traffic incident occurred on 6/21 of 2025. So I don't believe . . . the machine was properly calibrated.

. . .

Judge, with all -- with all that being considered as well, my client . . . has no priors in this matter. This is -- no disrespect to the prosecuting attorney here, this Court is well aware that they have made concessions, they have made amendments on more egregious cases than this. I would ask that you find my client either not guilty or -- or guilty of a lesser-included offense.

(*Id.* at p. 22-26).

**{¶18}** The county court replied:

Having heard and -- I've -- just for purposes of the record, I have read the [police report] that was submitted. I've read the traffic citation, which neither of you really talked to me at all about the -- I mean, I guess we talked briefly about the marked lanes violation. I didn't hear either the State or the defense ask me for what I was going to -- for any specific treatment with respect to the marked lanes violation. I have also read in full both the motion to suppress and the brief in opposition thereto.

Case No. 25 MA 0114

I am going to -- I am going to find the defendant guilty of a reckless operation. I need a second to get my sentence put together on that, but what my general thought is, is that I'm going to sentence him with mandatory minimums for a first offense OVI.

(*Id.* at p. 27).

**{¶19}** The county court provided the following summary of the hearing on the record:

This matter came before the Court as set for a suppression hearing upon [Zarlenga's] motion to suppress and the State's brief in opposition thereto.

The Court was advised on the record that the arresting officer was unable to comply with his duly served subpoena due to what he believes to be a case of food poisoning. The State orally moved the Court for a continuance; the defendant objected to the same. This matter having been previously set for trial on 9/19, reset for a suppression hearing on 10/17, and ultimately reset to today's date, the Court declined the State's motion to continue.

The Court provided the parties a substantial time to engage in Rule 11 negotiations; negotiations were not fruitful. The State then moved the Court to dismiss with prejudice; [Zarlenga], through counsel, objected and responded that he would like to plead no contest. The Court permitted [Zarlenga] to plead no contest denying the State's motion to dismiss.

After fully advising [Zarlenga] of his rights, the Court received statements of facts from the State and [Zarlenga].

The Court further reviewed the [police report], traffic ticket, motion to suppress and brief in opposition thereto *without objection from either party*.

In light of all the foregoing facts and circumstances, the Court accepts [Zarlenga's] plea of no contest, finds [Zarlenga] guilty of a related offense, reckless operation, Revised Code 4511.20.

Court sentences [Zarlenga] to 180 days in jail, suspending 177. [Zarlenga] may complete a driver intervention program as deemed appropriate by the Court's probation officer in lieu of three days in jail. Same must be completed within 90 days.

[Zarlenga's] further sentenced to six months of community control, a condition of which is to obtain a drug and alcohol assessment and complete any follow-up treatment deemed necessary by the provider of the same.

[Zarlenga's] further sentenced to $565 fine plus his court costs and fees. Finally, sentenced to a six-month driver's license suspension backdated to the date of the suspense, presentence credit 6/21 of 2025.

(Emphasis added) (*Id.* at p. 30-32).

**{¶20}** The county court continued:

So that is -- Court accepts [Zarlenga's] plea of no contest herein as to Count One.  As to Count Two, Court finds [Zarlenga] guilty of a related offense, okay, and then Court further finds [Zarlenga] guilty of Count Three, the marked lanes violation. The Court finds -- I can't type. The Court sentences the defendant --.

(*Id.* at p. 33).  According to a notation in the transcript, which was transcribed from a digital recording, the digital recording abruptly concluded.  (*Id.* at p. 34).

**{¶21}** Relevant to this appeal, the sentencing entry reads:

After fully advising [Zarlenga] of his rights, the Court received statements of facts from the State and [Zarlenga]. The Court further reviewed the Form 2255, traffic ticket, Motion to Suppress and Brief in Opposition thereto *without objection from either Party*.

Case No. 25 MA 0114

In light of the foregoing facts and circumstances, the Court accepts [Zarlenga's] plea of no contest. The Court hereby dismisses Count One [OVI]. As to Count Two [high-tier OVI], the Court finds [Zarlenga] guilty of a *related* offense reckless operation (R.C. 4511.20).

(Emphasis added) (11/14/2025 J.E., p. 1).

{¶22} This timely discretionary appeal followed.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN FINDING ZARLENGA GUILTY OF AN OFFENSE FOR WHICH HE WAS NOT CHARGED, WAS NOT THE SUBJECT OF THE NO CONTEST PLEA, AND WAS NOT A LESSER INCLUDED OFFENSE.**

{¶23} The state did not object to the dismissal of the OVI, the reduction of the high-tier OVI to reckless operation, or Zarlenga's conviction for reckless operation at the November 14, 2025 hearing. As a consequence, the state waived all but plain error review in this appeal.

{¶24} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Plain error is a discretionary doctrine that an appellate court may employ in exceptional circumstances when required to avoid a manifest miscarriage of justice. *State v. Noling*, 2002-Ohio-7044, ¶ 62. To establish plain error, a party must demonstrate the trial court committed an obvious error that affected the outcome of the proceeding. *State v. Graham*, 2020-Ohio-6700, ¶ 93, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).

{¶25} With the consent of the trial court, a defendant may enter a plea of no contest. Crim.R. 11(A). Crim.R. 11(B)(2) provides, "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

Case No. 25 MA 0114

**{¶26}** R.C. 2937.07, captioned "Action on pleas of 'guilty' and 'no contest' in misdemeanor cases," reads in relevant part:

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of "no contest" or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding.

**{¶27}** In *Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148 (1984), the municipal court found defendant guilty of driving while under influence of alcohol or drugs and of operating a motor vehicle without being in full or complete control after Bowers entered a no contest plea. At the time of the convictions, the defendant's traffic citations, accident report, arresting officer's report, and the report of a chemical breath test were before the trial court. Nevertheless, the record did not reflect the trial court actually considered the foregoing evidence prior to entering its finding of guilt, nor did the trial court read the facts contained in those documents into the record to supply an explanation of the circumstances of the crime.

**{¶28}** Bowers filed a motion to withdraw his plea or in the alternative to modify his sentence, based on a lack of support for his convictions in the record. The motion was characterized by the municipal court as a motion to vacate the overruled the motion.

**{¶29}** However, the Ohio Supreme Court held that R.C. 2937.07 confers a substantive right, which was not abrogated by Crim.R. 11. Therefore, a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances. *Id.* at 150.

{¶30} We have observed "the explanation required by R.C. 2937.07 must be sufficient to conclude that each element of the criminal offense is established." *State v. James*, 2016-Ohio-4662, ¶ 7 (7th Dist.). "The burden of providing this explanation of circumstances rests with the affiant or complainant, or his representative." *Id.* While there is no requirement that the trial court judge read the explanation of circumstances into the record, some participant in the hearing, whether the court or the assistant prosecutor, must provide the recitation of facts for the record. *Id.* at ¶ 8.

{¶31} R.C. 4511.19(A) reads in relevant part:

(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

. . .

(h) The person has a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath.

{¶32} To secure a conviction under subdivision (A)(1)(a) - OVI, the state need only prove that the defendant operated a vehicle while under the influence of alcohol. *State v. Hoover*, 2009-Ohio-4993, ¶ 13. To secure a conviction under subdivision (A)(1)(h), high-tier OVI, the state must prove the defendant operated a motor vehicle with a prohibited BAC of .17 or more.

{¶33} Roughly thirty years ago in *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422 (1996), the state sought a writ of prohibition restraining the trial judge from conducting a hearing on the affirmative defense of personal use after the defendant entered a plea of no contest to a charge of felony trafficking in marijuana. The Ohio Supreme Court provided the following analysis of the trial court's authority following a no contest plea:

Case No. 25 MA 0114

While a plea of guilty is a complete admission of the defendant's guilt, a plea of no contest is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint. Crim.R. 11(B)(1) and (2). The trial court thus possesses discretion to determine whether the facts alleged in the indictment, information, or complaint are sufficient to justify conviction of the offense charged. *State v. Thorpe* (1983), 9 Ohio App.3d 1, 3, 9 OBR 1, 3, 457 N.E.2d 912, 915 (Markus, J., concurring). If the court determines that the alleged facts are insufficient to state the charged offense, it may find the defendant guilty of a lesser included offense, *State ex rel. Leis v. Gusweiler* (1981), 65 Ohio St.2d 60, 61, 19 O.O.3d 257, 418 N.E.2d 397, 398, or dismiss the charge.

. . .

The procedure specified in Crim.R. 11(C) does not envision an affirmative-defense hearing or mini-trial, such as the one previously held by Judge Mascio in a case similar to the underlying case, which resulted in acquittal of the defendant on the charged trafficking offense. " 'The essence of the "no contest" plea, is that the accused cannot be heard in defense. Thus any statement by him must be considered as in mitigation of penalty.' " *State v. Herman* (1971), 31 Ohio App.2d 134, 140, 60 O.O.2d 210, 214, 286 N.E.2d 296, 300, quoting Rueger, Schneider's Ohio Criminal Code (3 Ed.1963) 49, Section 10.1, fn. 4; *State v. McMillen* (Mar. 16, 1989), Franklin App. No. 88AP-477, unreported, 1989 WL 252398.

Although the trial court retains discretion to consider a defendant's contention that the admitted facts do not constitute the charged offense, the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense. *See State v. Gilbo* (1994), 96 Ohio App.3d 332, 337, 645 N.E.2d 69, 72; *see, also*, *State v. McCuen* (June 16, 1995), Columbiana App. No. 92-C-83, unreported, 1995 WL 360764. By pleading no contest, the

defendant waives his right to present an affirmative defense. *See State v. Harris* (Mar. 31, 1994), Franklin App. No. 93APA12-1726, unreported, 1994 WL 110709. In this respect, Ohio's no contest plea is similar to the "nolo contendere" plea in other jurisdictions. *See, generally*, 1 Wright, Federal Practice and Procedure (1982) 662-665, Section 177; LaFave & Israel, Criminal Procedure (1985) 801-802, Section 20.4(a).

*Id.* at 423-424.

**{¶34}** Although *Mascio* involved a felony charge, the Ohio Supreme Court recognized "[a]s to misdemeanors, the court may make its finding pursuant to R.C. 2937.07 upon the required explanation of circumstances by the state." *Id.* at n.1, quoting *State v. Waddell*, 71 Ohio St.3d 630 (1995). At least three Ohio intermediate appellate courts have applied the foregoing limitation on the trial court's consideration of additional evidence regarding guilt following no contest pleas in misdemeanor cases. *See Centerville v. Nagle*, 2020-Ohio-2849 (2d Dist.); *State v. Bennett*, 2018-Ohio-3114 (5th Dist.); *State v. O'Brien*, 2017-Ohio-7219 (5th Dist.); *Columbus v. Kiner*, 2011-Ohio-4479 (10th Dist.).

**{¶35}** Here, Zarlenga entered no contest pleas to the two OVI charges. Despite the county court's discretion, there are only three possible outcomes based on Ohio Supreme Court precedent. Where the evidence offered by the state establishes the elements of the charged crime, the county court must enter a conviction. Where the state's evidence is insufficient to establish the elements of the charged crime, the county court may either acquit the defendant of the charged crime, or enter a conviction on a lesser included offense where the state's evidence establishes the elements of the lesser included offense. Insofar as none of the foregoing outcomes occurred, we find the county court committed plain error.

**{¶36}** Zarlenga argues the applicable standard of review – plain error – prohibits us from rendering even an advisory opinion in this appeal. Although Zarlenga concedes the county court committed error when it reduced the high-tier OVI charge to reckless operation, he argues the error is not obvious. However, Zarlenga's argument conflates

the county court's legal error with its discretionary authority to apply the facts to the law following a no contest plea.

**{¶37}** The county court did not characterize the offense of reckless operation as a lesser included offense of high-tier OVI, but instead, as a "related offense." Even assuming the county court errantly characterized reckless operation as a lesser included offense, the county court's decision to reduce the high-tier OVI charge to reckless operation is at odds with almost seventy years of precedent in Ohio that reckless operation is not a lesser included offense of OVI. *City of Akron v. Kline*, 165 Ohio St. 322 (1956) (double jeopardy does not apply to OVI charge following conviction for reckless operation based on same incidence); *State v. Johnson*, 1995 WL 382127 (7th Dist. June 21, 1995). Based on seventy years of precedent and the state's concession that it acted outside the scope of its authority following a no contest plea, we find the county court's error was obvious.

**{¶38}** Next, Zarlenga argues the state suffered no prejudice as a consequence of the reduction of the high-tier OVI charge to reckless operation because the county court had discretion to conclude the facts as asserted by the state did not establish the essential elements of the charged crime. In other words, Zarlenga would not have been convicted of the high-tier OVI charge even if the county court did not reduce it to reckless operation. However, the state is not required to establish it suffered prejudice to establish plain error, it need only show the obvious error affected the outcome of the proceedings. Here, the county court had three options: to convict Zarlenga on the charged crime; to acquit Zarlenga of the charged crime, or to convict Zarlenga of a lesser included offense. Consequently, we find Zarlenga's conviction for reckless operation affected the outcome of the proceedings.

**{¶39}** Finally, Zarlenga's counsel asserted at oral argument that any decision from this Court is unnecessary given the existence of seventy years of precedent establishing that reckless operation is not a lesser included offense of OVI. However, the existence of over a half-century of precedent did not prevent the county court from committing error. As a consequence, we find the county court's error is capable of repetition, but evading review based on double jeopardy.

**{¶40}** Accordingly, we find the sole assignment of error has merit as the state concedes the county court committed error when it convicted Zarlenga of reckless operation, and we find the error was both obvious and had an outcome-determinative effect on the proceedings. Despite the county court's commission of plain error, Zarlenga's conviction for reckless operation is affirmed because the reckless operation conviction contains within it an acquittal of the high-tier OVI charge. Although we recognize the state is without a remedy in this case, we issue this memorandum opinion due to our conclusion that the plain error committed in this appeal is capable of repetition but evading review.

Waite, P.J., concurs.

Robb, J., concurs.

Case No. 25 MA 0114

For the reasons stated in the Opinion rendered herein, the assignment of error has merit, as Appellant concedes the county court committed error that was both obvious and had an outcome-determinative effect on proceedings.  The judgment of the Mahoning County Court No. 5 of Mahoning County, Ohio, convicting Zarlenga of reckless operation is affirmed, but we find the county court committed plain error.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**